Argued October 23, affirmed December 15, 1975

POGORELC, *Petitioner, v.* EMPLOYMENT
DIVISION ET AL (No. 75-AB-519, CA 4885),
*Respondents.*

543 P2d 322

*Elden M. Rosenthal,* Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and LEE, Judges.

LEE, J.

Petitioner-claimant appeals (ORS 657.282) from denial of unemployment benefits by the Employment Appeals Board. The referee and the administrator had allowed benefits. The Board found that claimant failed to accept "available suitable work" when it was offered (ORS 657.176(2)(e)). The issue before this court is whether the Board's decision is supported by reliable, probative and substantial evidence. ORS 183.480(7)(d).①

Claimant was employed as an office worker at Vanport Manufacturing, Inc. for approximately six months before she was temporarily terminated on January 17, 1975 due to the seasonal nature of Vanport's business. She was told that the layoff would be for two or three months. On February 21, 1975 claimant was offered a job as an admitting clerk at Providence Hospital which she refused. When asked why she did not accept the Providence position, she said she did not think "that would be fair to Providence."

The Providence job had starting pay of $2.95 per hour; the hours of work were from 9:30 a.m. to 6 p.m.; it required working approximately two weekends each month. Providence contributed 60 per cent toward the cost of medical and dental coverage and provided one day a month sick leave, up to nine days. The hospital was 20 miles from claimant's home.

In contrast, the Vanport job paid $2.88 an hour for an 8 a.m. to 5 p.m., five-day week, with no weekend work required. Claimant's medical and dental coverage was fully paid and there was more favorable

---

① ORS 183.480(7)(d) provides:

"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"* * * * *

"(d) On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record * * *."

sick leave. The place of work was four miles from claimant's home. Vanport had continued claimant's medical benefits and profit-sharing plan during her layoff.

Whether the Providence job constituted "suitable" work is governed by ORS 657.190 which provides:

"In determining whether or not any work is suitable for an individual, the administrator shall consider, among other factors, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence."

Claimant's reliance on ORS 657.195(1)(b) which provides that "no work is deemed suitable * * * if the remuneration, hours or other conditions of work offered are substantially less favorable to the individual than those prevailing for similar work in the locality" is misplaced because there was no showing of remuneration, hours or conditions of similar work in the locality.

■ The Board reviews the evidence de novo on the record. *Stevenson v. Morgan,* 17 Or App 428, 431, 522 P2d 1204 (1974). The analysis of the Board properly applied the standards established by ORS 657.190 and 657.195.

■ The underlying purpose of the employment law is to encourage gainful employment. In this case the employment that was offered to the claimant was work she was qualified to do, and had done in the past.

■ We find that there was reliable, probative and substantial evidence in the whole record to support the Board's decision.

Affirmed.