Argued December 22, 1975, affirmed January 26, reconsideration denied March 3, petition for review denied March 16, 1976

CANTRELL, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondent.*

(CA 5079)

545 P2d 143

*Louis Savage,* Legal Aid Service, Multnomah Bar Association, Inc., Portland, and *Steve Thom,* Certified Law Student, Portland, argued the cause and filed the brief for petitioner.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Employe appeals from a determination of the Employment Appeals Board that she voluntarily left work without good cause (ORS 657.176(2)(c)) and hence was not entitled to unemployment compensation. The administrator and the referee had held she had good cause, and had awarded compensation.

The Appeals Board heard the matter de novo on the record (*Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974)), and this court reviews its decision to determine whether it was based upon substantial evidence, which is "* * * 'such proof as a reasonable mind would employ to support a conclusion.' * * *" *Wood v. Morgan,* 17 Or App 579, 583, 523 P2d 572 (1974). This means more than "any evidence," a scintilla of evidence, or speculation. It is often described as that evidence which, in a jury case, would preclude the court from directing a verdict. *See* collection of hundreds of cases interpreting the term in 40 Words and Phrases, "Substantial Evidence" 74 (Supp 1975).

At the hearing before the referee only the employe testified. The evidence showed that she was an office clerk for employer, her work was satisfactory and she was satisfied with her job. Her employer moved her working location from downtown Portland to Beaverton, a city a few miles to the west. Her residence was in east Portland and she had been traveling from home to work by bus, a trip of some 15 minutes. She did not drive and had no vehicle. In anticipation of the move she sought aid from employer in finding transportation, but received little help from that source. Her inquiries disclosed that to get to the new location from her home, each way, she would have to use three buses. She would be required to walk some undisclosed distance between transfer points and walk at least a quarter mile to employer's location from the last bus (or to the first on return trip). The trip each way would take at least one-and-one-half hours. She made inquiries of several people concerning traveling in a

car pool; only one produced a possibility, and that one vacillated. These inquiries ended up with no car pool offer.

Employment was terminated immediately before the move, employe choosing not to attempt to further solve the transportation problem and applying for unemployment benefits.

The Board's reasoning was:

"At the time claimant left the job there was still a possibility that she could get into a car pool or ride to work with her friend. Also, bus service was available to claimant. If claimant felt the bus ride was too inconvenient, she could have rode the bus until she definitely knew whether other transportation would be available. Thus there were reasonable alternatives other than quitting available to claimant. Consequently she could have remained employed and her leaving was therefore without good cause."

This may aptly be boiled down to a conclusion that employe did not, and was not willing to, try hard enough to obtain satisfactory transportation. Was it based upon evidence which would lead a reasonable mind to the same conclusion? If employer had moved its location out of the state and left employe a clear-cut choice of moving her residence to keep her job, we have no doubt she would have had "good cause" in this context for quitting. For instance, where an employer sought to move its employes to a new place of employment 175 miles from its present place of employment and its employes refused the offer and claimed unemployment compensation, it was held that the offered employment was not "suitable." *Industrial Com. v. Parra,* 111 Colo 69, 137 P2d 405 (1943). At bar, employe's argument essentially is that three hours per day on six different buses plus over one-half mile of walking as an alternative to quitting is not much different, viewed reasonably, than seeking to move the place of employment some impossible distance. Many reasonable minds might agree with this view. Others might not.

For example, in *Szojka Unempl. Compensation Case,* 187 Pa Super 643, 645, 146 A2d 81 (1958), where the employer moved its plant to another town 32 miles away the court said:

"Here, the distance to his work was 32 miles and there was public transportation that would require less than two hours travel time. More than 100 of his fellow employees in the Camden and Philadelphia area made transportation arrangements and continued work at the new location. Three men from the immediate area of the appellant's home drive back and forth and carry other employees as passengers.

"He was earning $2 an hour and there is no evidence that the transportation cost would make it so economically burdensome as to make continued employment unreasonable.

"The burden is upon the appellant, who has voluntarily left his employment, to show the good cause for doing so. This good cause must meet the test of ordinary common sense and prudence. *Welker Unemployment Compensation Case,* 180 Pa. Superior Ct. 534, 119 A. 2d 658 (1956). His transportation problem is certainly not the insurmountable difficulty contemplated under the court's interpretation of what are necessitous and compelling reasons for voluntarily leaving his employment and his failure to arrange for transportation indicated a lack of reasonable effort to maintain his employment. *Hanna Unemployment Compensation Case,* 172 Pa. Superior Ct. 417, 94 A. 2d 178 (1953)."

and it held:

"* * * The board's findings [against the claim for unemployment compensation] are supported by ample, competent evidence and cannot be disturbed * * *."

*See also Mosley v. Unempl. Comp. Bd. of Review,* 15 Pa Commw Ct 447, 327 A2d 199 (1974), and *Faulkiner Unempl. Compensation Case,* 200 Pa Super 398, 188 A2d 803 (1963). We have found no case with facts similar to those at bar which supports employe's argument.

In *Fajardo v. Employment Division,* 20 Or App 390, 394, 532 P2d 29 (1975), and *Fajardo v. Morgan,* 15 Or App 454, 463, 516 P2d 495 (1973), we noted that the

"* * * 'good cause' required for voluntary termination ought to be somewhat narrowly construed * * * in the compensation area * * *."

In view of the limits noted above on the scope of our review, we cannot say that the determination of the Board was not based on substantial evidence.

Affirmed.