Submitted on record and petitioner's brief December 8, 1975, affirmed February 9, 1976

## WRIGHT, *Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al, *Respondents.*

### (No. 75-AB-724, CA 5045)

545 P2d 613

****

****

Melvin L. Walter, Ontario, for petitioner.

No appearance by respondents.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

****

FOLEY, J.

**FOLEY, J.**

Claimant appeals from an order of Employment Appeals Board denying her unemployment compensation on the ground that she did not have good cause to terminate her employment. Both the administrator and a referee had determined that the claimant was justified in leaving her employment as a dental assistant because of improper activities engaged in by fellow employes when the doctor was away from the office.

Claimant worked for approximately six months as a dental assistant before voluntarily quitting her job in May 1975. When her claim for benefits was allowed, Dr. Westberg sought and received a hearing before a referee. The referee's order affirming the administrator's decision stated that the "* * * claimant left work because she did not want to be a party to what she considered to be an improper and possibly illegal situation" and that "[t]he work was unsuitable for the claimant as a result of her work situation."

Claimant testified at hearing that throughout the course of her employment her two co-workers often became intoxicated during the frequent absences of Dr. Westberg from the office by inhaling large doses of nitrous gas stored in the office for patient use. She stated that her co-workers repeatedly inhaled the gas even though they occasionally became nauseated to the point of vomiting and became incapacitated from doing their assigned work. Claimant testified this resulted in extra work for her and that she was afraid she would be associated with the improper activity.

One of claimant's co-workers admitted consumption of the gas on a single occasion with the other employe when the doctor was away but denied any repeated use of the gas or sickness resulting therefrom. The other employe denied any consumption of the gas except when she was under the doctor's care for dental treatment.

Approximately three weeks prior to her termination claimant complained to Dr. Westberg about the behavior of her co-workers and described the conditions at work as a result of their conduct. She also submitted her resignation at that time but withdrew it after Dr. Westberg promised to look into the matter and agreed to give her a monthly raise of $50. Two weeks later the doctor left the office for a two-week vacation. There is no evidence in the record that Dr. Westberg questioned the women about their alleged improper conduct. Nor did the raise agreed to by the doctor show up on claimant's paycheck. Claimant testified that her co-workers inhaled the gas on two different occasions after the doctor had left on vacation. Before Dr. Westberg returned from his vacation, claimant informed her co-workers that she was quitting her job and would not be returning to work the following Monday.

The Employment Appeals Board concluded that claimant did not have good cause to terminate her employment. The Board's review of the referee's determination is de novo on the record. *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974). To paraphrase *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971), as it applies here, de novo review is trial anew in the fullest sense with findings of the referee being given no weight except that on the issue of credibility great weight will be given to the referee who had opportunity to see and hear the witnesses and thus was better able to weigh their credibility on disputed issues of fact. The Employment Appeals Board did not agree with the referee's findings as to the occurrences which took place during the doctor's absence. Although the Board should give weight to the credibility findings of the referee, it is not bound thereby even on those issues, *Hannan v. Good Samaritan Hosp.,* supra, 4 Or App at 192, unless but one reasonable deduction can be drawn from the evidence. *Evjen v. Employment Division,* 22 Or App 372, 539 P2d 662

(1975). Here, the Board was not bound to follow the referee on the credibility issue because the evidence was susceptible of more than one reasonable deduction. Indeed, the Board based its decision on several factors other than credibility, i.e., claimant's failure to call to employer's attention the alleged problems until approximately three weeks before leaving, claimant's leaving work during employer's absence, and the Board's general finding questioning that the occurrences were "so onerous as to compel her to leave this work." The Board further found that the "* * * testimony, taken as a whole, does not persuade us that a reasonably compelling cause which offered no alternative but to terminate the employment existed."

Our review of the Board's decision is for substantial evidence in the whole record. *Western Amusement v. Springfield,* 274 Or 37, 545 P2d 592 (1976); *Cantrell v. Employment Division,* 24 Or App 215, 545 P2d 143, Sup Ct *review denied* (1976). There was substantial evidence to support the Board's decision.

Affirmed.