# GREDVIG, *Petitioner,*
### *v.*
# EMPLOYMENT DIVISION et al, *Respondents.*
### (CA 5127)
546 P2d 791

*James C. Waggoner,* Portland, argued the cause for petitioner. With him on the briefs were Martin, Bischoff, Templeton & Biggs, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Rhidian M. M. Morgan, Assistant Attorney General, Salem.

*Ridgway K. Foley, Jr.,* Portland, argued the cause

for respondent Good Samaritan Hospital. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Robert G. Simpson, Portland.

No appearance for respondent The Gibbens Company, Inc.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

This is a petition to review an order of the Employment Appeals Board denying claimant's unemployment compensation claim. The denial, which reversed the decision of the referee, was on the ground that claimant had refused to accept "suitable work" with Good Samaritan Hospital in Portland. ORS 657.155(1)(c), 657.176(2)(e).

The essential facts were that claimant, a conscientious objector, was employed in the hospital's culinary department as an alternative service to entering the armed forces. He worked from January 1973 to September 2, 1974, at a rate of $2.38 per hour.

Claimant completed his alternative service in September 1974 and voluntarily left the employment at the hospital to return to his previous trade of cabinetmaker. Claimant worked for Marco Dental Supply as a cabinetmaker at the rate of $4.15 per hour from September 1974 to April 8, 1975, when he was laid off because of lack of business. At the time of layoff Marco estimated that it would continue for a period of three to six weeks. Thereafter claimant filed his initial claim for unemployment compensation on April 9, 1975.

On May 12 or 13, 1975, the hospital offered to employ claimant in his former position. The hospital was aware of claimant's preference for cabinet work and agreed at the time of the offer to allow him to quit and return to his former trade without the customary two weeks' notice. Claimant indicated that he would accept the employment and took, and passed, his pre-employment physical examination. However, he later changed his mind. On May 19, 1975, claimant failed to report for work. He did not inform the hospital of his intentions or reason for not showing up. The job would have paid $3.20 per hour as of July 1975, by virtue of a new union agreement.

On or about June 22, 1975, claimant accepted a position with S & S Cabinets as a cabinetmaker at a rate of $2.50 per hour.

On June 18, 1975, the administrator issued his decision awarding benefits. The hospital filed its request for a hearing on July 1, 1975.

The referee issued his decision awarding compensation on August 5. On August 21 Good Samaritan appealed that decision and denied unemployment compensation on the ground that claimant had refused to accept suitable employment. ORS 657.176(2)(e).

Claimant contends that EAB erred in ruling that claimant was disqualified from receiving benefits because he refused to accept the work offered. Claimant argues that his refusal was justified because the work offered was not "suitable" under the applicable statutes and regulation.

■ EAB reviews the evidence de novo on the record. *Stevenson v. Morgan,* 17 Or App 428, 431, 522 P2d 1204 (1974). Our review of EAB's decision is for substantial evidence in the whole record. ORS 183.480(7). *Cantrell v. Employment Division,* 24 Or App 215, 545 P2d 143 (1976). *See also, Western Amusement v. Springfield,* 274 Or 37, 545 P2d 592 (1976).

We would agree with the hospital's arguments except for one thing: Oregon Administrative Rules, ch 471, § 30-070 (OAR 471-30-070).[1]

---

[1] OAR 471-30-070 provides as follows:

"In determining if an individual has good cause for refusing to apply for or to accept work offered and determined by the Administrator to be suitable, the Administrator may, after considering all the factors enumerated in ORS 657.190 and the exceptions under ORS 657.195, rule that a claimant did not have good cause for refusal if he has had six weeks or more to seek out work in his customary and usual occupation. Under these circumstances, such individual may be subject to disqualification under the provisions of ORS 657.176(3). Notwithstanding this section, an individual may be deemed ineligible with respect to any week of his benefit year in which he fails to actively seek work deemed suitable under the provisions of ORS 657.155."

As we read OAR 471-30-070, the administrator has authority to allow a claimant six weeks to seek out work in his customary and usual occupation before he risks losing his eligibility to benefits.

There is ample evidence to support the findings of the administrator and the referee that cabinetmaking was claimant's usual occupation and that this six-week period had not yet expired when claimant rejected the hospital position by failing to show up for work on May 19, 1975.

■ Both the administrator and the referee relied upon the provisions of OAR 471-30-070 in allowing claimant's claim and found that the employment with the hospital's culinary department was not claimant's customary and usual occupation. For the above reasons we conclude that EAB erred in overturning the decision of the referee.

■ Lastly, the hospital's contention that its employment insurance account should not be charged here because claimant was in Marco's employ when he was laid off was raised for the first time in this court. Accordingly, we will not consider it. *Linnton Plywood v. Tax Com.,* 241 Or 1, 6, 403 P2d 708 (1965).

Reversed.