Argued January 21, affirmed March 1, 1976

BOSTROM, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(CA 5231)
547 P2d 150

*Louis Savage,* Legal Aid Service-Multnomah Bar Association, Inc., Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Rhidian M. M. Morgan, Assistant Attorney General, Salem.

[ 551 ]

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

This is a petition to review an order of the Employment Appeals Board affirming a decision of both the referee and the Employment Division denying claimant's unemployment compensation claim. The denial was on account of her refusal to accept employment with respondent Manpower, Inc. Manpower is a corporation which maintains a pool of skilled office workers and provides temporary workers for a large number of firms.

The essential facts were that claimant, who is an experienced clerk-typist, worked over a period of two years as a Manpower girl for a lengthy list of temporary employers. Thereafter she obtained employment as a clerk-typist for the Public Welfare Division and terminated her relationship with Manpower. Her new position terminated on April 19, 1975. Claimant then filed her claim for unemployment benefits on April 24. Following this she sought other work without success until July, when she learned through the Employment Division that Manpower had offered to rehire her. She refused, contending that this type of work was unsuitable because it was characterized by uncertainty, too frequent job changes and underutilization of her job skills.

EAB found that claimant restricted her availability for work by her refusal to accept Manpower's offer, contrary to the requirements of ORS 657.155(1)(c).

Claimant contends that her refusal to accept the temporary work was justified, and that both EAB and the referee erred in concluding that the above work was "suitable."

Our review of EAB's decision is for substantial evidence in the whole record. ORS 183.480(7). *Cantrell v. Employment Division,* 24 Or App 215, 545 P2d 143 (1976). *See also, Western Amusement v. Springfield,* 274 Or 37, 545 P2d 592 (1976).

■ There was substantial evidence to support EAB's decision that the work offered by Manpower was suitable within the meaning of ORS 657.155(1)(b), 657.190 and 657.195. *Accord: Pogorelc v. Employment Div.,* 23 Or App 555, 543 P2d 322 (1975). In *Pogorelc* we upheld the denial of unemployment compensation where the worker refused to accept, because of claimed unsuitability, interim employment which she was qualified to do, and had done in the past.

We have not found, nor has our attention been called to, any case with facts similar to those here which supports claimant's contention on this point. In fact the authorities elsewhere are directly to the contrary. *See,* 76 Am Jur2d 973-75, Unemployment Compensation § 69 (1975).

Lastly, claimant also urges that EAB's decision should be reversed because of an erroneous finding of fact, namely, No. (5), which states:

> "During the period July 6 to August 16, 1975 claimant would not accept work which paid less than $3.00 an hour and which was not permanent full time employment."

EAB in its brief makes no mention whatsoever of this contention.

After examining the transcript we conclude that EAB did err in making the challenged finding of fact. This error does not, however, require that we remand this proceeding for reconsideration.

EAB correctly ruled that claimant did refuse suitable employment. This conclusion controls the outcome of this case in any event.

Affirmed.