Argued April 28, affirmed June 1, reconsideration denied June 23, petition for review denied September 21, 1976

KOACH, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 76-AB-3, CA 5758)

549 P2d 1301

*William Dickas,* Portland, argued the cause and filed the brief for petitioner.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*J. William Bennett,* Portland, argued the cause and filed the brief for respondent Landsystems, Inc., a corporation.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

## FORT, J.

The Employment Appeals Board found that claimant did not have good cause for voluntarily leaving his employment under ORS 657.176(2)(c)[1] and denied his claim for immediate unemployment compensation. Claimant appeals that decision.

■ The board adopted the referee's decision. The referee found that claimant quit because he felt that he was treated unfairly when Comprehensive Employment Training Act (CETA) trainees with little or no experience were hired at approximately the same wage he was receiving. The board concluded that claimant's reasons for leaving were purely personal and did not constitute good cause.

■■ There is substantial evidence in the record to support all the relevant findings of fact made by the board. At all times claimant was making at least the union scale. Except for a two-week period before the new union contract went into effect, claimant was earning $4.25 per hour while the trainees, a portion of whose wages were subsidized by the federal government, were earning $4.15 per hour. The fringe benefits were the same. Claimant's allegation of discrimination is not supported by the record.

■ To constitute good cause, an employe's reasons for leaving work must be such that a reasonable and prudent person would be justified in quitting his job under similar circumstances. *Stevenson v. Morgan,* 17 Or App 428, 432-33, 522 P2d 1204 (1974). The fact that claimant was earning only ten cents per hour more

[1] ORS 657.176(2)(c):

"(2) If the authorized representative designated by the administrator finds:

"* * * * *

"(c) The individual voluntarily left work without good cause, * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

than unskilled workers is not such legal justification where there is no evidence of discrimination, *Fajardo v. Morgan,* 15 Or App 454, 516 P2d 495 (1973), or of severe harassment, *Stevenson v. Morgan, supra.*

Affirmed.