Argued April 28, affirmed June 1, 1976

GLENNEN, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(CA 5401)

549 P2d 1288

*Larry Dawson,* Portland, argued the cause and filed the brief for petitioner.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee

Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Oregon Worsted Co., a corporation.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

**FORT, J.**

Claimant appeals from an Employment Appeals Board decision denying her unemployment benefits because she quit work voluntarily without good cause. ORS 657.176(2)(c).[1]

The board found that claimant had worked for Oregon Worsted Company for almost nine years, the last four years in the shipping department. During her last week she had been alone in the department because of vacations so she had to do more lifting. Claimant was pregnant but her doctor said she could continue to work as long as she felt good. During that week she had been cautioned because she was not following posted company policy regarding checkout procedures, and then had been suspended for two days after making an error in computing the postage for a package. During her suspension claimant called in and said she was quitting. She then filed a grievance with her union but heard nothing further.

The board disagreed with the referee's finding that claimant had good cause to leave work because of emotional and physical stress and concluded instead that her complaints were mainly temporary in nature and therefore were not good cause for leaving work.

There is substantial evidence in the record to support the board's findings and conclusion. This is not a question of whether misconduct justifies a firing. This court has required that in order to have good cause for leaving work, an employe with grievances about employment must indicate an effort to work out the prob-

---

[1] ORS 657.176(2)(c):

"(2) If the authorized representative designated by the administrator finds:

"* * * * *

"(c) The individual voluntarily left work without good cause, * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

[ 595 ]

lems unless the employe can demonstrate that such effort would be futile. *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974); *Cantrell v. Employment Division,* 24 Or App 215, 545 P2d 143, Sup Ct *review denied* (1976). Claimant did not wait until her supervisor returned from vacation, nor did she file a grievance with the union before she quit work. She did not contact her employer during her suspension or afterwards in order to try to work out the situation. Under these circumstances we affirm the board's decision.

Affirmed.