Argued April 28, affirmed June 1, 1976

CARSON, *Appellant,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(CA 5672)
550 P2d 463

*Larry T. Coady,* Linn-Benton Legal Aid Association, Albany, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Solicitor General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Central Linn Seed, Inc., a corporation.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

## FORT, J.

Claimant was denied unemployment benefits by the Employment Appeals Board which found he did not have good cause for voluntarily leaving his job as a warehouseman under ORS 657.176(2)(c).[1] He appeals.

The board found that claimant left because he said that the foreman treated him unfairly, giving him the "dirty work" and using abusive language to him. The board concluded that the record did not establish sufficient harassment or humiliation to constitute good cause.

The board's findings of fact are supported by substantial evidence and it correctly applied the standard of "good cause." We have previously held that in order to have good cause for leaving his job with no prospects for other employment, an employe is required to make some effort to resolve problems on his job unless he can show that such effort would be futile. *Cantrell v. Employment Division,* 24 Or App 215, 545 P2d 143, Sup Ct *review denied* (1976); *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974). We have also held that in order to constitute good cause, harassment must be substantial, judged by the standard of a reasonable person. A personality conflict, standing alone, is not sufficient. *Brotherton v. Morgan,* 17 Or App 435, 439, 522 P2d 1210 (1974); *Stevenson v. Morgan, supra.* On the basis of the record in this case we affirm the board's decision.

Affirmed.

[1] ORS 657.176(2)(c):

"(2) If the authorized representative designated by the administrator finds:

"* * * * *

"(c) The individual voluntarily left work without good cause, * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."