Argued August 26, affirmed September 20, reconsideration denied October 27, petition for review denied November 30, 1976

CASCADE STEEL ROLLING MILLS, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 76-4313, CA 6294)

554 P2d 549

*Robert M. Johnstone,* McMinnville, argued the cause for petitioner. With him on the brief was Cushing, Johnstone & Peterson, McMinnville.

*David W. Hittle,* Salem, argued the cause for respondent Jack Kindy. With him on the brief was Dye & Olson, Salem.

No appearance for respondent Employment Division.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

Petitioner seeks review of a decision by the Employment Appeals Board granting respondent-claimant, a former employe of petitioner, benefits for the period of December 28, 1975 through January 24, 1976. Petitioner alleges that the Board erred in sustaining a hearing officer's finding that, during that period, claimant was available for and actively seeking other employment as required by ORS 657.155.[1]

Claimant worked for petitioner, primarily as a railroad crane operator, from 1969 through October 21, 1974, when he was injured on the job. On December 29, 1975, claimant was conditionally released to return to work, with the sole limitation that he was not to do any heavy lifting. There was also evidence that claimant had suffered from blackouts and hyperventilation. The next day he reported for work, but petitioner refused to reemploy him without a physician's assurance that the blackouts would not reoccur. Claimant testified that at all relevant times he was ready and willing to do any work at Cascade Steel that he was physically qualified to do.

During the period in issue, claimant's search for another job consisted of telephoning the personnel department of one other steel mill, which reported it was not hiring, and registering for work with the Steelworkers' Union Local.

■ Whether a person is available for employment is a determination which must be made on the facts of each case. The relevant inquiry is, in essence, whether the claimant is "unequivocally attached to the labor market," *see Minniti v. Employment Division,* 21 Or

---

[1] ORS 657.155 provides in pertinent part:

"(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:

"* * * * *

"(c) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work * * *.

"* * * * *"

App 356, 535 P2d 99 (1975). The foregoing facts reasonably support the Board's conclusion that claimant was "available for work" within the meaning of ORS 657.155(1)(c).

■ Petitioner also contends that claimant was not "actively seeking" suitable employment as the statute requires. The job search requirement of ORS 657.155(1)(c) requires such efforts as reasonable persons ordinarily use in their own business or occupation and such efforts as are reasonable and logical under the circumstances. Under OAR 471-30-070,[2] the Employment Division administrator is authorized to allow a claimant six weeks to seek work in his customary and usual occupation before he must broaden his job search. *Gredvig v. Employment Div.*, 24 Or App 511, 546 P2d 791 (1976). Since the relevant period here was less than six weeks, the Board could properly have accorded benefits to claimant if it found that his efforts, as set forth above, were a reasonable means of locating job openings in his usual occupation.

The Board might reasonably have concluded that if there were job openings for crane operators, the claimant would have heard of them through his contract with the labor union. *See, Guidice v. Bd. of Review of Div. of Employment Sec.*, 14 NJ Super 335, 82 A2d 206 (1951), *Nelson v. Van Horn Const. Co.*, 45 Ohio Op 378, 62 Ohio L Abs 160, 102 NE2d 57 (1951). Accordingly, we find that there is substantial evidence on the whole record to support the Board's

---

[2] Oregon Administrative Rules, ch 471, § 30-070 provides:

"In determining if an individual has good cause for refusing to apply for or to accept work offered and determined by the Administrator to be suitable, the Administrator may, after considering all the factors enumerated in ORS 657.190 and the exceptions under ORS 657.195, rule that a claimant did not have good cause for refusal if he has had six weeks or more to seek out work in his customary and usual occupation. Under these circumstances, such individual may be subject to disqualification under the provisions of ORS 657.176(3). Notwithstanding this section, an individual may be deemed ineligible with respect to any week of his benefit year in which he fails to actively seek work deemed suitable under the provisions of ORS 657.155."

finding that claimant was actively seeking suitable employment.

Affirmed.