Submitted January 18, affirmed March 7, 1977

# TALEVICH, *Petitioner,*
## *v.*
# EMPLOYMENT DIVISION et al, *Respondents.*
## (No. 76-AB-935, CA 7053)

560 P2d 1105

Janice A. Talevich, Portland, filed the brief pro se for petitioner.

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Kevin L. Mannix, Assistant Attorney General, Salem, filed the brief for respondent Employment Division.

No appearance for respondent Meier and Frank Company.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

LEE, J.

**LEE, J.**

Claimant appeals from the decision of the Employment Appeals Board (Board) denying unemployment compensation benefits for the period from May 9, 1976 through June 19, 1976 on the basis that claimant "was not sufficiently able to work, available for work, actively seeking and unable to obtain work to be eligible for benefits under ORS 657.155."[1] The Board's decision was based upon the following "findings of fact and conclusions":

"(1) Claimant was employed as a sales clerk by this employer from November 1971 to March 20, 1976. (2) In February 1976 claimant was involved in an automobile accident and sustained whiplash injuries. (3) She was told by her physician that if she could stand the pain, she could continue working. (4) She was advised to avoid prolonged standing and lifting if possible. (5) The performance of her duties required that the claimant stand during most of her shift and do some rather heavy lifting. (6) Subsequent to the auto accident on February 25, 1976, she attempted to perform her duties but found that it was causing her pain and for this reason left her employment on March 20, 1976. (7) She did not submit a request for a medical leave of absence in writing and had she done so, the employer provides for such leave of absence for periods *up to one year.* (8) Subsequent to being released by her physician on May 9, 1976 * * * the claimant did not actively pursue re-employment with this employer at its other two locations in the labor market area. (9) During the weeks in issue, she sought work in retail sales or clerical work which did not require prolonged standing or lifting. (10) She was offered a part time position by this employer after being

---

[1]

"(1) An unemployed individual shall be eligible to receive benefits with respect to any week *only if* the administrator finds that:

"* * * * *

"(c) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work * * *." (Emphasis supplied.) ORS 657.155(1)(c).

In this case the administrator had denied and the referee had granted the benefits in question.

released by her physician on May 9, 1976, which she declined.

"\* \* \* \* \*

"The fact that the claimant did not seek to obtain a leave of absence to enable her to become re-employed after her condition had improved and the fact that she did not actively pursue re-employment with this employer at the other two stores in the labor market area is persuasive that she *was not truly desirous of obtaining employment to render her eligible for benefits under ORS 657.155.* Nor was any explanation offered as to her reason for not accepting a part-time position at the store where she had been employed." (Emphasis supplied.)

Claimant's assignments of error boil down to the contentions that findings of fact (7), (8) and (10) are not supported by substantial evidence and that, therefore, the Board erred in concluding that claimant was disqualified for benefits.

The state concedes that there is no evidence to support that portion of finding (7) which recites that the employer allows medical leave of absence for periods "up to one year."[2] Claimant did testify at the hearing that she considered herself to be on a "leave of absence" when she left her employment on March 20, 1976; employer's personnel officer indicated, however, that no official note requesting a leave of absence, as required, was included in her records, and that absent such a written request no formal leave of absence could have been granted. Although admittedly meager, this evidence of employer's leave policy was sufficient to support the finding that a medical leave of absence of some undetermined length had been available to claimant and that she had failed to take advantage of it by submitting the required written request.

The Board apparently regarded claimant's failure to apply for a medical leave of absence as circumstan-

---

[2]The source of the challenged portion of the finding was a statement contained in the employer's notice of appeal to the Board and hence it was not a part of the evidence introduced at the hearing before the referee.

tial evidence of the fact that she had no intention of returning to the work force following her convalescence. We agree that the failure to apply for the leave was to some extent probative of the fact that subsequent to her release for work she was not "actively seeking and unable to obtain work." The probative value of the failure to apply is not affected in any way by the length of the leave which was actually available; thus, the relevant portion of finding (7)—i.e., the finding that claimant "did not submit a request for a medical leave of absence in writing and had she done so, the employer provides for such leave of absence * * *"—was, in fact, supported by substantial evidence. That the Board also erroneously found that the leave available was for a period of "up to one year" was of no consequence. With respect to findings (8) and (10), suffice it to say that they are, contrary to claimant's assertions, supported by a wealth of evidence.

Based upon the findings of the Board we cannot say that its conclusion that claimant was not available for work or actively seeking and unable to obtain work during the period of May 9, 1976 through June 19, 1976 was unreasonable; the Board's order based upon that conclusion must, therefore, be affirmed. *Cascade Steel v. Employment Div.,* 26 Or App 863, 554 P2d 549, Sup Ct *review denied* (1976); *Wilton v. Employment Div.,* 26 Or App 549, 553 P2d 1071 (1976); *Grigsby v. Employment Div.,* 24 Or App 499, 546 P2d 788 (1976); *Cantrell v. Employment Division,* 24 Or App 215, 545 P2d 143, Sup Ct *review denied* (1976).

Affirmed.