Submitted on record and petitioner's brief April 14, affirmed May 9, 1977

ASCHENBRENNER, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 76T-S-592, CA 7417)

563 P2d 757

Lorin M. Ricker, Enterprise, filed the brief for petitioner.

No appearance for respondents.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

The issue presented in this unemployment compensation appeal is whether the Employment Appeals Board (EAB) erred in ruling that claimant was disqualified from receiving benefits because of having voluntarily left his employment without good cause. ORS 657.176(2)(c).[1]

The essential facts are set forth in EAB's findings of fact.

> "(1) The claimant was employed by this employer and its predecessor in interest from May 1948 to July 30, 1976 at the last position of saw filer at the rate of $8.42 an hour. (2) Approximately two years prior to his separation from work a third shift was added. (3) The addition of this shift increased the work load of the claimant and he averaged approximately eleven hours a day, five days a week. (4) At one point he worked three weeks seven days a week without a day off and worked a six day week on many occasions. (5) In May, 1976, the claimant underwent surgery and at approximately the same time his most experienced helper was transferred to another position. (6) When the claimant returned from his surgery he began working increased hours. (7) During the course of his employment claimant was a member of the lumber and sawmill worker's union Local 2798. (8) Sometime during the week ending July 10, 1976 the claimant told his supervisor he could not continue working the long hours and was considering resigning. (9) Approximately one week later he gave two weeks notice of resignation and left this work on July 30, 1976 in accordance with the resignation notice. (10) The grievance procedure under the labor agreement between claimant's union and the employer was not utilized in an attempt to have the hours reduced."

When a claimant voluntarily terminates suitable

---

[1] ORS 657.176(2)(c) provides:

"(2) If the authorized representative designated by the administrator finds:

"* * * * *

"(c) The individual voluntarily left work without good cause
* * *."

employment, he has the burden of showing good cause for leaving. *Wilton v. Employment Div.,* 26 Or App 549, 553 P2d 1071 (1976). "Good cause to quit work" must be such cause as would impel a reasonably prudent person to quit under similar circumstances. *Hedrick v. Employment Div.,* 25 Or App 89, 548 P2d 525 (1976). *See also, Koach v. Employment Division,* 25 Or App 585, 549 P2d 1301, Sup Ct *review denied* (1976). This determination is a "factual evaluation based on the particular circumstances of each case." *McCain v. Employment Division,* 17 Or App 442, 445, 522 P2d 1208 (1974).

■■   In a factual determination of good cause for voluntarily leaving work, the order of the EAB is to be affirmed if based on reliable, probative and substantial evidence in the whole record, and not unlawful in substance and procedure. ORS 183.482(8)(a) and (d); *Balduyck v. Morgan,* 9 Or App 363, 497 P2d 377 (1972). This court cannot disturb a reasonable conclusion drawn from the facts by the factfinder, even if the court, were it sitting as a trier of fact, might reach a different conclusion. *Wilton v. Employment Div., supra; Grigsby v. Employment Div.,* 24 Or App 499, 546 P2d 788 (1976).

In the case at bar the appeals referee and a majority of the EAB found that claimant had voluntarily left his employment without good cause.

■   We have read the record and find that the conclusion of the majority of EAB is supported by substantial evidence. We are in accord with the referee and the majority of the EAB that under the facts at bar a reasonably prudent employe, before taking the drastic step of quitting his job, would have endeavored to resolve his work grievance with the plant manager, *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974), or to follow the union grievance procedures, or to voluntarily discontinue his overtime work (for which he was being paid extra) and return to a 40-hour week schedule. *See, Carson v. Employment Division,*

25 Or App 589, 550 P2d 463 (1976). Further, although claimant testified that his health was being adversely affected by the overtime work, and that he had consulted his physician about nervousness and headaches he believed were caused by this, there was no showing by claimant that he was advised by his physician to quit work. *See, Wright v. Employment Division,* 24 Or App 323, 545 P2d 613 (1976).

Failure of claimant to make sufficient efforts to present his work grievance to his superiors, and a lack of a showing that such actions would have been futile, justifies the conclusion that claimant's decision to leave work was without good cause under ORS 657.176(2)(c). *See, Glennen v. Employment Division,* 25 Or App 593, 549 P2d 1288 (1976).

Affirmed.