SMITH, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 77-E-146, CA 7578)

565 P2d 396

Stephen R. Skipton, Lane County Legal Aid Service, Inc., Eugene, argued the cause and filed the brief for petitioner.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent School District 4J.

Before Thornton, Presiding Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

Claimant appeals the decision of the Employment Appeals Board denying unemployment compensation. The question presented is whether claimant "voluntarily left work without good cause" and thus was disqualified for compensation under ORS 657.176(2)(c) on August 24, 1976 when she terminated her employment with respondent school district. Claimant concedes that as of September 25, 1976 when she entered college her termination was voluntary without good cause. She contends however that the early termination on August 24 was for good cause and therefore she is entitled to compensation for the period August 24 to September 25. The Appeals Board states:

"*FINDINGS OF FACT:*

"(1) Claimant worked for the employer as a secretary and teaching assistant. She started in February of 1974 and was a Comprehensive Education and Training Act placement.

"(2) On May or June of 1976 the claimant informed the personnel department manager that she would be attending school in the Fall of 1976, around the end of September.

"(3) Sometime in August 1976, the employer informed the claimant that it wanted August 31, 1976, to be her last day.

"(4) The claimant resigned effective August 21, 1976, to accommodate the employer as she thought that it would be difficult for it to get further funding to replace her if she stayed beyond that date.

"(5) The claimant could have remained on the job until she started school but it would have been to the detriment of the pupils that she tutored.

"*CONCLUSION AND REASONS:*

"We disagree with the decision of the referee in this matter. The claimant voluntarily left work without good cause.

"There is substantial evidence in the record that shows the claimant could have remained in this position at least through January 31, 1977, and

[ 835 ]

possibly longer depending upon funding. She chose however to terminate the employment relationship in order to attend school full time under a grant which had been awarded to her. We have consistently held that a voluntary separation from work in order to attend school does not constitute good cause for leaving work under the statutes in question. Although the claimant testified that she wished to remain at her position through the third week of September it was the employer's decision to terminate the employment relationship by the first of September in order to properly post for a replacement for the claimant's position and obtain this replacement before the beginning of the school year. This is certainly reasonable in light of the nature of the employment relationship.

"We have consistently held that where either the employer or the employee gives notice of the intent to terminate the employment relationship at a certain definite date in the future, and the other party determines to terminate the employee earlier, the person wishing to terminate earlier will not be penalized by the change in the nature of the leaving. The typical cases that occur in this area concern claimants who determine to voluntarily leave the employment because of some dissatisfaction with the work or employers who determine to terminate the employee because they are dissatisfied with the employees work. *Under the circumstances, we have found it reasonable to attribute the termination to the primary motivating factor which in this case is the claimant's decision to leave the employment so she could attend school. As stated above such a reason for the job separation is without good cause.*" (Emphasis supplied.)

██ We remand because the Board's "conclusions and reasons" do not square with the findings or the substantial evidence. The statement "it was the employer's decision to terminate * * *" is directly contrary to finding 5. The uncontradicted testimony of the employer was that the claimant could have remained on the job until September 25 if she desired. The last sentence of the decision is inconsistent with

findings 4 and 5 which indicate that the sole reason for claimant's premature termination was the employer's convenience. Voluntary termination for the employer's convenience generally is not leaving work "without good cause" under ORS 657.176(2)(c).

The Board's opinion does not address, and we do not reach the question whether a teaching employee of a school district who intends to quit work early in the school term has either a duty or should reasonably expect to terminate her employment prior to commencement of the school year.

Remanded for further proceedings.