Argued May 19, reversed and remanded June 27, 1977

In the Matter of Heising, Earl Dean, A Child.
STATE ex rel JUVENILE DEPARTMENT
OF DESCHUTES COUNTY, *Respondent,*
*v.*
HEISING, *Appellant.*
(No. 3397, CA 7713)
565 P2d 1105

Craig P. Emerson, Bend, argued the cause and filed the brief for appellant.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

TANZER, J.

## TANZER, J.

This is an appeal by a juvenile from an order remanding him to adult court. The petition alleged the juvenile to be within the jurisdiction of the court by reason of acts which would be crimes if committed by an adult.

At the remand hearing, the juvenile acknowledged that he did not wish counsel and, after being informed that he could go to prison if convicted in adult court, he acknowledged that he wished to have the matter heard in adult court. No evidence was heard and no admissions were made.[1]

---

[1]The following is a complete transcript of the remand hearing:

"THE COURT: This is the time set for hearing on remand concerning Earl Dean Heising. Mr. West.

"MR. WEST: Your Honor, it's my understanding that the juvenile has waived his right to counsel and furthermore is not contesting the motion for permanent remand.

"THE COURT: Mr. Heising, do you understand what Mr. West just said?

"THE JUVENILE: No, I don't.

"THE COURT: First of all, the purpose of this hearing is to determine whether or not you should be remanded to the adult court rather than hearing the matter in the juvenile court.

"In that connection, you are entitled to have an attorney represent you in this proceeding. Mr. West has indicated to me that you don't wish to have an attorney represent you, is that correct?

"THE JUVENILE: Yes, it is.

"THE COURT: You understand that the Court would appoint an attorney for you if you could not afford to have one—

"THE JUVENILE: Yes.

"THE COURT: — yourself? Also he's indicated to me that you wish to agree that it should be remanded. In other words, you are satisfied the matter be heard in adult court rather than in the juvenile court?

"THE JUVENILE: Yes.

"THE COURT: You understand—first of all, what is the charge?

"MR. ANDERSON: Two counts of burglary first degree and minor in possession of alcoholic beverages.

"THE COURT: Are you aware, Mr. Heising, that the end result is entirely different in a proceeding in the juvenile court rather than an adult court?

"THE JUVENILE: Yes.

"THE COURT: You realize in a juvenile court it's not a criminal procedure? It's somewhat like that. In other words, you still have a

The juvenile argues on appeal that a remand hearing is constitutionally required, *Bouge v. Reed,* 254 Or 418, 420, 459 P2d 869 (1969). The state argues in response that the juvenile may waive his constitutional rights such as that against involuntary self-incrimination, *State v. Patterson,* 5 Or App 438, 485 P2d 429, *rev den* (1971), and the right to have the truth of the petition proved against him, *State ex rel Juv. Dept. v. Welch,* 12 Or App 400, 408, 501 P2d 991 (1972), 507 P2d 401, *rev den* (1973). The waiver argument, however, is not dispositive. The critical issue is the sufficiency of the remand findings and the underlying record.

The order of remand recites the following findings and conclusion:

"1. The juvenile is over the age of sixteen (16) years and on November 20, 1977, will be eighteen (18) years of age;

"2. The juvenile has been charged with an offense, which, if committed by an adult, would constitute crimes, to wit: Burglary first degree (two (2) counts) and Illegal possession of alcoholic liquor by a minor;

"3. No legitimate purpose would be served by the Juvenile Court retaining jurisdiction of this case and that the best interests of the juvenile and the public would be served by remanding him to adult court.

"It now appearing to the Court that it would be in the best interests of the child that he be remanded from Deschutes County Juvenile Court to the appropriate adult court, and [he is therefore remanded] * * *."

---

trial, but it's a trial without a jury and if you were convicted or if you were found that these acts did in fact occur, then the Court could not send you to jail nor to prison but would have to make some other disposition, but you go to a criminal court and are tried there and are convicted, you might possibly go to the penitentiary. Do you realize the difference?

"THE JUVENILE: Yes, I do.

"THE COURT: You still wish to have the matter heard in the adult court?

"THE JUVENILE: Yes, I do.

"THE COURT: Very well, be so ordered."

The remand order is in the general words of ORS 419.533(1) which provides the critera for remand:

"A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a) The child is at the time of remand 16 years of age or older;

"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court."

ORS 419.533(2) requires that the findings regarding the best interests of the child must be detailed rather than summary:

"The juvenile court shall make a specific, detailed, written finding of fact to support any determination under paragraph (c) of subsection (1) of this section."

■ The import of ORS 419.533(1) and (2) is that, prior to a remand, the court has the responsibility to make an independent determination that specific facts exist which justify the removal of the child from the protection of the juvenile court. ORS 419.533(2) is in effect a legislative insistence that the decision to remand be deliberate and explicitly justified.

■ The findings of this remand order are deficient in form and substance. As to form, finding No. 3 is not sufficiently specific to comply with the standards of particularity required by ORS 419.533(2), but that is of limited significance on de novo appeal. *State ex rel Juv. Dept. v. T.,* 28 Or App 741, 560 P2d 1105, *rev den* (1977); *State ex rel Juv. Dept. v. Cole,* 28 Or App 367, 559 P2d 918, *rev allowed* (1977).

■■ The substantive deficiency of the order is dispositive: there is neither evidence nor admissions to support the findings. Indeed, the record reflects no evidence or admissions at all. The willingness of the

child, for whatever reason, to assent to adult court jurisdiction cannot substitute for findings based on evidence or admissions, because the statute places decisional responsibility on the court, not the juvenile. A juvenile may admit the facts relevant to the remand, thus obviating the necessity of proof of those facts, but he/she cannot relieve the court of its statutory responsibility to find and assess the facts. It is the judge qua benevolent protector of the juvenile, not the juvenile himself, who must be satisfied with the wisdom of the remand. The court must therefore make inquiry and findings regardless of the juvenile's assent.

Since there is no support in the record for the necessary findings under ORS 419.533(1), the order is invalid and the matter must be remanded for further proceedings on the petition for remand.

Reversed and remanded.