Argued November 14, affirmed May 30, 1978

SMITH, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*

(No. 77-AB-899, CA 8885)

579 P2d 310

Stephen R. Skipton, Lane County Legal Aid Service, Inc., Eugene, argued the cause and filed the brief for petitioner.

Kent B. Thurber, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

No appearance for respondent School District 4J.

Before Schwab, Chief Judge, and Buttler and Roberts, Judges.

BUTTLER, J.

**BUTTLER, J.**

This case is before us for the second time. On the first appeal, *Smith v. Employment Division,* 29 Or App 833, 565 P2d 396 (1977), we remanded the proceedings to the Employment Appeals Board because its conclusions and reasons "did not square with the findings or the substantial evidence." On remand, the Board modified its findings of fact, and affirmed its previous decision denying unemployment compensation to claimant on the ground that she had "voluntarily left work without good cause." ORS 657.176(2)(c).

In early summer, 1976, claimant, employed by respondent school district as a secretary, but utilized to assist in the tutoring of small school children, informed her employer that she intended to begin college in September, 1976, and would have to terminate her employment. Claimant tendered her resignation on August 19, 1976, to be effective August 31, 1976. Because the last week of August was claimed as vacation time, claimant's last actual day at work was August 24, 1976. On August 29, 1976, claimant filed a claim for unemployment compensation on the ground that she was willing to work until late September, but was, in effect, terminated early for the employer's convenience. The Administrator allowed benefits, which decision was affirmed by a referee after hearing. The Employment Appeals Board, on review, set aside the Referee's decision, and denied benefits because it concluded, on the same findings, that claimant voluntarily left work without good cause. As indicated above, on appeal to this court, we remanded for further proceedings. On remand, the Employment Appeals Board made revised Findings of Fact, and Conclusions and Reasons, set forth in full as follows:

"FINDINGS OF FACT: (1) The claimant commenced work in February, 1974, for the above employer as a secretary and teaching assistant under the Comprehensive Education and Training Act. (2) In June or July,

1976, the claimant informed the employer that she would be leaving work to attend school in late September, 1976. (3) The personnel assistant requested a firm date but the claimant could not give one. (4) The employer needed a firm date for the claimant's leaving work in order to obtain a replacement through the Comprehensive Education and Training Act. (5) A discussion between the claimant and the personnel assistant resulted in the claimant's decision to terminate her employment on August 31, 1976. (6) If the claimant had objected to leaving or having her work terminated on August 31, 1976, the employer would have allowed her to continue. (7) The employer preferred that claimant leave before the commencement of the new school year but this was not an absolute demand. (8) On August 19, 1976, in a note from the claimant to the personnel assistant she again stated she planned to enter school in the fall and that her last day would be August 31, 1976 if her vacation were approved for the first five working days in September, and if not, August 24, 1976, would be her last working day (Exhibit 12). (9) This note accompanied an official request for leave setting out the same conditions (Exhibit 13). (10) The claimant last worked for this employer on August 31, 1976.

"CONCLUSION AND REASONS: We affirm our decision entered December 13, 1976 and find that the claimant voluntarily left work without good cause.

"The claimant notified the employer that she would be leaving work in order to attend school in late September, 1976. When a firm date for her departure was requested, the date of August 31, 1976 was arrived at in the claimant's discussions with the personnel assistant. The note to the personnel assistant and the formal request for leave submitted by the claimant August 19, 1976 further show that it was she who chose the termination date.

"In the case at hand the claimant initiated her separation from work by informing the employer she would be leaving to attend school. She then set the date of her separation through conversations with the personnel assistant in regard to accommodating the employer and accommodating her scheduled commencement of school as a student. We find this to be a voluntary leaving of work. We have consistently held that leaving work to

attend school does not constitute good cause under the provisions of ORS 657.176(2)(c)."

The Board's findings are supported by substantial evidence in the record, and its conclusions are supported by the findings. Implicit in the findings, when read as a whole, is that after claimant advised her employer of her intention to leave her employment to attend school, which started in later September, claimant and her employer agreed upon a mutually acceptable date on which employment would terminate. While claimant stated she understood, after discussion with the employer, that the last day she could work was August 31, and for that reason she selected that date, the evidence is undisputed that she could have worked until her school term started.

All of the cases relied upon by the dissent involved harassment of the employee by the employer, in all of which we held that a reasonably prudent person would be justified in quitting work. None of them has any application to this case.

We conclude, as did the Board, that claimant terminated her employment voluntarily and without good cause.

Affirmed.

**ROBERTS, J.,** dissenting.

I cannot accept the reasoning of the majority.

The Employment Appeals Board's revised findings of fact do not adequately deal with the question of whether claimant terminated her employment for the convenience of the employer. The evidence on that point is undisputed. The employer's personnel assistant testified as follows:

"Q   Did you make it mandatory that she resign as of any particular date?

"A   I don't recall that I did. I am sure, though, that we did discuss the inconvenience that would be afforded the district if she worked for ten days beyond the

starting of school, and then worked the ten days with kids, for example, and then we had to go out and hire somebody else.

"Q   If she had objected to leaving or having her work terminated on September 1, 1976, or August 31st, if you wish to refer to it as that, would you have continued her on to a later date?

"A   We would have. We probably wouldn't have liked it much but we would have.

"Q   It was up to her, then, as to what the date would be that she would leave, is that correct?

"A   Yes.

"Q   Who picked the date of August 31st, or mentioned it as being the last day she would work?

"A   I guess she picked the date of August 31st. I think I probably mentioned the date prior to school opening."

Claimant's testimony was that she was told that she had to resign by September 1. Thus, there is a conflict as to whether claimant was required to leave by August 31 or was merely acting for the convenience of the employer. In neither case can it be said that claimant voluntarily left work without good cause.

In *Stevenson v. Morgan,* 17 Or App 428, 432-33, 522 P2d 1204 (1974), we stated that:

" 'Good cause' may be said to be such cause as would similarly affect persons of reasonable and normal sensitivity, * * * and is limited to those instances where the unemployment is caused by external pressures so compelling that a reasonably prudent person, exercising ordinary common sense and prudence, would be justified in quitting work under similar circumstances. * * *" (Citations omitted.)

See also *Koach v. Employment Division,* 25 Or App 585, 549 P2d 1301, *rev den* (1976); *Aschenbrenner v. Employment Div.,* 29 Or App 345, 563 P2d 757 (1977). Although these cases deal with instances of harassment of the employe by the employer, they are relevant to demonstrate what constitutes "good cause."

As we held in *Smith v. Employment Division,* 29 Or App 833, 836-37, 565 P2d 396 (1977):

"* * * Voluntary termination for the employer's convenience generally is not leaving work 'without good cause' under ORS 657.176(5)(c)."

The facts in this case demonstrate that claimant left her work at the time she did for the convenience of the employer.

Since this does not constitute voluntarily leaving work without good cause, the Board's order should be reversed.

I therefore respectfully dissent.