Submitted on record and briefs April 17, affirmed May 20, 1974

## BROTHERTON, *Petitioner, v.* MORGAN
## (No. 74-984), *Respondent.*

522 P2d 1210

Richard G. Brotherton, Salem, pro se, petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Claimant seeks judicial review of a decision of the Employment Appeals Board affirming the denial of unemployment benefits by the referee and the Administrator of the Employment Division. Claimant was disqualified on the ground that he "left work voluntarily without good cause." ORS 657.176 (2). Because claimant moved to Oregon after he left his employment, two referee hearings were held, one in Longview, Washington, and one in Salem, Oregon. Claimant appeared and testified at the Salem hearing only.

Claimant was employed as a truck driver. On Thursday, June 28, 1973, he was tardy in reporting for

work, whereupon the foreman suspended him for the remainder of that day and the following day. According to claimant's own testimony, the foreman told him to "go home and get * * * [his] rest," and report back to work on the following Monday, July 2, if he felt he "could hack it on Monday * * *." Claimant did not report to work on July 2 and was replaced after July 4. The firm's manager, who was claimant's regular supervisor, was away on vacation at the time claimant was sent home. The manager testified at the Washington hearing that he liked claimant and would have allowed him to go back to work had claimant returned on July 2.

The Board found as follows:

"* * * (1) Claimant was employed by this employer from January 18, 1973 to June 28, 1973 as a truck driver at the rate of $2.80 per hour. (2) On June 28, claimant was tardy. (3) On reporting for work, the production foreman suspended claimant for the remainder of that day and the following day and told him to report back to work Monday, July 2. (4) Claimant did not believe the production foreman had the authority to discharge him (Tr. of T., Salem hearing, Page 6, lines 19 thru 22). (5) At the time of this occurrence, the manager, claimant's regular supervisor, was absent. (6) The manager returned to work on July 2 and would have permitted claimant to work had he reported at that time.

"(7) Claimant did not report to work after his suspension and was replaced after July 4. (8) He received benefits for the week beginning July 15, 1973 (week 29)."

The sole issue is whether there is substantial evidence to support the administrative determination that claimant voluntarily left work "without good cause,"

and is therefore disqualified under ORS 657.176 (2) from receiving benefits. This section provides:

> "An individual whose unemployment is due to:
> "* * * * *
>
> "(2) Having left work voluntarily without good cause * * *
> "* * * * *
>
> shall * * * be disqualified * * *."

Claimant contends that he left his employment for "good cause"; that he was in effect fired by the foreman; that the foreman disliked him, often gave him disagreeable jobs to perform and systematically harassed him trying to force claimant to quit his job. Upon questioning by the referee, claimant testified:

> "Q [REFEREE] * * * [Y]ou felt you'd been laid off from that job. Is it your testimony now that — that you were not discharged?
>
> "A I stated I was laid off because I can argue on that point also. However, I think it would be simpler to say that I left work with good cause and my good cause was such that I wasn't wanted or told not to return."

■ In *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974), we reviewed authorities from other jurisdictions which have had occasion to consider the meaning of "good cause." We concluded that "good cause" must be objectively related to the employment and be such cause as would compel a reasonably prudent person to quit under similar circumstances.

■ This determination is a factual evaluation dependent upon the peculiar facts of the case. *Stevenson v. Morgan,* supra. However, the claimant has the burden of going forward with the evidence until he makes a prima facie case. *Cameron et al v. DeBoard; MacInnes et al,* 230 Or 411, 370 P2d 709 (1962); *von Poppenheim v. Morgan,* 9 Or App 495, 497 P2d 866 (1972).

■ After reviewing the entire record we conclude that claimant has failed to make a prima facie case, and that there is ample evidence to support the administrative decision of the referee and the Board. ORS 183.480 (7). A personality conflict between an employe and his immediate supervisor has been held not to constitute good cause for leaving work. *Uniweld Products, Inc. v. Industrial Rel. Com'n, etc.,* 277 So 2d 827 (Fla App 1973); *Berkowitz v. Levine,* 41 App Div2d 791, 341 NYS2d 239 (1973); *James v. Unempl. Comp. Bd. of Review,* 6 Pa Cmwlth 489, 296 A2d 288 (1972). Similarly in *In re Chawkin,* 18 App Div2d 750, 235 NYS2d 475 (1962), where an accountant left employment voluntarily because he resented his employer's criticism of his work, the court held that the employe left his employment without "good cause."

■ Claimant objects to the Board's finding No. 3 on the ground that the same is based on hearsay testimony of the manager of claimant's former employer at the Washington hearing. Oregon Administrative Rules, ch 471, § 40-020, prohibits the making of a finding of fact or decision based on hearsay evidence. However, as we have previously noted, claimant, in his own testimony, conceded that he had not been discharged. He testified substantially to the same facts concerning his suspension by the foreman that were recited by the manager in the challenged testimony. There is therefore no merit to this contention. Claimant's remaining assignments of error are equally without merit.

Claimant's account was properly charged with the benefits he was erroneously paid for the week beginning July 16, 1973.

Affirmed.