Argued April 21, reversed May 19, 1975

GARRELTS, *Petitioner, v.* EMPLOYMENT
DIVISION ET AL, *Respondents.*
535 P2d 115

*Roberta J. Lindberg,* Eugene, argued the cause for

petitioner. With her on the brief was the Lane County Legal Aid Service, Eugene.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

## THORNTON, J.

Claimant seeks judicial review of an order of the Employment Appeals Board (Board) affirming the actions of the referee and the administrator, both of whom denied claimant's unemployment benefits.[1] A majority of the Board ruled that claimant was disqualified under ORS 657.176(2)[2] because he had left work voluntarily without good cause.

Claimant makes three assignments of error, but the primary issue before this court is whether he left his employment for good cause. The facts are not in dispute.

According to the testimony, when the employer hired claimant as a carpenter and maintenance man he told claimant that he could be placed either on a regular payroll or he could work on a contract basis. The employer explained that he preferred the contract

---

[1] The employer did not appear at the hearing before the referee.

[2] ORS 657.176(2) provides:

"(2) If the authorized representative designated by the administrator finds:

"* * * * *

"(c) The individual voluntarily left work without good cause * * *

"* * * * *

the individual shall be disqualified * * *."

arrangement because he would not have to pay taxes and there would be less paper work for him. Claimant agreed to the employer's contract method of payment. Although the employer considered the arrangement a contract, claimant was paid an hourly wage with payments made on a weekly basis by personal check. There were no deductions withheld from claimant's check. No one contends that claimant was an independent contractor, and the evidence supports the conclusion that he was not an independent contractor.

A few months after commencing work, claimant became concerned about the employer's failure to withhold money from his checks. He discussed the situation with an employe of the Internal Revenue Service who told him that he would be liable for the taxes, social security and other mandatory deductions that the employer had failed to withhold. Claimant was quite concerned with the situation and on August 2, 1974, stopped working until he could discuss the situation with his employer. The employer was in Europe at the time, and claimant was unable to talk to him until his return later in the month.

When the employer returned petitioner asked him to begin making the proper deductions from his checks, and he explained the reasons for his request. The employer refused to change the method of payment explaining that he would not only have to withhold taxes, but he would also be required to pay social security tax and unemployment tax. The employer also stated that he would not allow claimant to begin working again on a payroll basis because he could not afford such an arrangement. However, on September 5, 1974, the employer hired claimant on a payroll basis. The only week in issue is that beginning August 25, 1974, which represents the week following the employer's refusal to switch to the payroll system, and the week before the employer rehired claimant.

440

■■ The determination of whether an employe has left his employment for good cause is a factual evaluation dependent upon the peculiar facts of each case. *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974). The facts must show that the cause is (a) objectively related to the employment and (b) such as would impel a reasonably prudent person to quit under similar circumstances. *Brotherton v. Morgan,* 17 Or App 435, 522 P2d 1210 (1974); *Stevenson v. Morgan,* supra.

■ From our examination of the record we conclude that the Board erred in concluding that the evidence did not establish as a matter of law that claimant had good cause to leave his employment. Although claimant voluntarily entered into the employment contract to which he ultimately objected, there is evidence that he did so at the employer's urging and without fully understanding the consequences of the agreement. We also note that when claimant discovered the improper nature of the agreement he suspended work and immediately sought to have the arrangement modified in accordance with the law. When the employer refused to make the proper deductions from claimant's check, claimant was faced with either continuing the agreement which he had been informed would subject him to personal liability for deductions not made, or claimant could terminate the relationship. He chose to quit his employment. We conclude that such an alternative would impel a reasonably prudent person to act in the same manner, and we therefore hold that claimant quit his employment for good cause.

Reversed.