Argued May 22, affirmed July 8, 1975

# VARGAS, *Petitioner, v.* EMPLOYMENT DIVISION, *Respondents.*

### 537 P2d 569

*James W. Nass,* Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the brief for petitioner.

*James B. Ruyle,* Portland, argued the cause for respondent Pacific Steel Foundry Co. With him on the brief were Sabin, Newcomb, Sabin & Meyer, Portland.

No appearance by respondent Employment Division.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Claimant seeks judicial review of an order of the Employment Appeals Board adopting a decision of the referee denying claimant's unemployment compensation claim because claimant voluntarily left his employment without good cause. ORS 657.176(2).[1] The controversy arose when claimant refused to accept reinstatement at a lower rate of pay after he had been dismissed for an unexcused absence.

Claimant contends that the Board erred in concluding that the terms of the offer to rehire claimant did not materially differ from the conditions of previous employment, and, therefore, the Board erred in concluding that claimant left work without good cause. Specifically, claimant argues that the finding that a cut in wages was justified was not supported by reliable, probative and substantial evidence. He further argues that the Board failed to take note of the fact, which he contends was supported by reliable evidence, that claimant thought he would lose his seniority when he was rehired.

The essential facts are as follows:

Claimant worked for Pacific Steel Foundry Co. as a

---

[1] ORS 657.176(2) provides:

"(2) If the authorized representative designated by the administrator finds:
"* * * * *
"(c) The individual voluntarily left work without good cause * * *
"* * * * *
the individual shall be disqualified * * *."

"sand mill operator." In July 1974 he injured his back while working and was off work for two weeks. When he returned to work he was wearing a cast on his arm as a result of an accident at home. Because he was unable to perform his usual job, claimant was assigned a job as a "helper" until the cast was removed and he could resume his regular duties. The pay for a helper was less than a "sand mill operator," but the employer continued to pay claimant at the higher rate. In approximately mid-September claimant's foreman told him that he realized claimant did not want to return to his regular job, and that claimant would continue as a "helper" until there was another job vacancy. Whereupon claimant asked if that meant a pay reduction, and the foreman answered that it would. Claimant ended the conversation by agreeing to the arrangement.

On September 14, 1974, claimant was called out of town on a family emergency. He asked other people to notify his employer of his absence. When claimant returned to work on September 19, 1974, he was discharged for failure to notify the employer of his absence.

After being dismissed claimant asked his union for help. The union intervened on claimant's behalf, and the employer eventually offered to reinstate claimant. The offer was for claimant to return to work under the same conditions as prior to his dismissal. At this time claimant no longer had the cast and since he had worked as a "helper" at a higher rate of pay for over 30 days, the employer decided that it was the proper time to reduce claimant's pay to the regular "helper" rate. When claimant was informed of the arrangement he rejected the offer of reinstatement. The employer testified as to the conversation that took place. There is nothing to indicate that the subject of seniority was ever mentioned.

The referee considered claimant's rejection of the reinstatement offer as a voluntary leaving of employment without good cause.

Claimant contends that the terms of the offer of reinstatement substantially differed from the conditions of the previous employment and he therefore had good cause to refuse reinstatement.

> "The determination of whether an employe has left his employment for good cause is a factual evaluation dependent upon the peculiar facts of each case. Stevenson v. Morgan, 17 Or App 428, 522 P2d 1204 (1974). The facts must show that the cause is (a) objectively related to the employment and (b) such as would impel a reasonably prudent person to quit under similar circumstances. Brotherton v. Morgan, 17 Or App 435, 522 P2d 1210 (1974); Stevenson v. Morgan, supra." *Garrelts v. Employment Division,* 21 Or App 437, 440, 535 P2d 115 (1975).

We have examined the record and agree with the conclusion of the referee and the Board that claimant did not have good cause for leaving his employment. There is no evidence in the record to support claimant's contention that he was going to lose his seniority upon reinstatement. This leaves for consideration only the following issue: Was claimant justified in refusing to accept reemployment because his wages were reduced to the lower "helper" rate, based upon his new permanent duties? There is evidence that claimant was well aware that his wages would eventually be reduced to conform to the wages paid for his new position, and that he had previously agreed to the arrangement. When he returned for reinstatement the cast was off his arm and there was no longer any reason for claimant's temporary assignment as a helper. He was able to assume permanently his duties as a helper, and the employer reduced his wages in accordance with his

new position. Claimant's reduction in wages would not impel a reasonably prudent person to quit his employment. We therefore conclude that claimant did not have good cause to leave his employment.

Affirmed.