Argued July 27, affirmed August 30, 1976

# HOLDAWAY, *Petitioner,*

*v.*

# EMPLOYMENT DIVISION, *Respondent.*

## (No. 76-2896, CA 5940)

553 P2d 1066

*Robert A. Lucas,* P.C., St. Helens, argued the cause and filed the brief for petitioner.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from the decision of the Employment Appeals Board (Board) which affirmed the decision of the referee that claimant voluntarily quit his job without good cause and was therefore not entitled to benefits. ORS 657.176.

Claimant had worked intermittently for Scappoose Sand and Gravel as a truck driver since 1963. He stated that he quit on September 12, 1975, after a fellow truck driver, without any authority to do so, "ordered" him to drive a smaller dump truck than the one he had been driving. The union scale for driving the larger truck was $7.37 per hour compared to $7.17 per hour for the smaller truck. Claimant testified that he knew that this other driver had no authority to give him such an order.

At the hearing before the referee claimant testified that the above incident was but the culmination of a series of incidents and circumstances which persuaded him to quit. The other factors testified to by claimant were (1) the requirement that he do repair work on trucks which as a driver he should not have been required to do; (2) the irascibility of the 88-year-old, semi-retired owner of the company; and (3) that the equipment he operated was at times unsafe.

■ The referee concluded, and the Board essentially agreed, that in light of the circumstances leading up to claimant's quitting, his sole reason for quitting was the incident involving the other driver; that these other reasons claimant gave for quitting were tolerated by him for such a long period of time is circumstantial but nonetheless substantial evidence that they were not his true reasons for quitting. Therefore, we are precluded from examining this question further. ORS 183.482(7).

■ We likewise find substantial evidence to support the Board's conclusion that the incident discussed above involving the other driver was not sufficient reason to quit.

[ 625 ]

In *Brotherton v. Morgan,* 17 Or App 435, 522 P2d 1210 (1974), we held that good cause does not include a personality conflict with one's immediate supervisor.

As the referee in the instant case stated in his opinion,

"* * * no employee is guaranteed, nor can he usually expect, serene working conditions and cheerful, cooperative good co-workers. The co-worker's attitude may well have been improper, but not to an extent that claimant had no reasonable alternatives than to become unemployed."

Affirmed.