Argued July 22, affirmed August 17, 1977

COFFEY, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 77-AB-63, CA 7873)

567 P2d 615

Diane DePaolis, Lane County Legal Aid Service, Inc., Eugene, argued the cause and filed the brief for petitioner.

No appearance for respondent Employment Division.

Arthur J. Clark, Assistant County Counsel, Eugene, argued the cause and filed the brief for respondent Lane County.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

PER CURIAM.

## PER CURIAM.

In this unemployment compensation case claimant contends that the Employment Appeals Board erred in determining that claimant was disqualified from receiving benefits for an eight-week period pursuant to ORS 657.176(2)(c) which provides for disqualification of an individual who voluntarily leaves work without good cause. We adopt the opinion of the Employment Appeals Board which reads in pertinent part:

"FINDINGS OF FACT: (1) The claimant was employed by the above employer from approximately July 12, 1975 to October 4, 1976 as a computer programmer * * *. (2) On or about January 15, 1976, a new departmental supervisor was hired in claimant's department with instructions by the employer to improve the quality and quantity of the department. (3) The new supervisor set deadlines and schedules and ordered the computer programmers to comply. (4) The programmers objected to the deadline schedules complaining that they could not be met. (5) The claimant was asked by the new supervisor to increase production. (6) The deadlines were not met and were required to be reset. (7) The claimant was given an unfavorable and unsatisfactory evaluation report in the summer of 1976. (8) On September 22, 1976, the claimant consulted his physician regarding digestive problems which were diagnosed as colitis and medication was prescribed. (9) The claimant continued to suffer from tension and its related problems and was taking tranquilizers for relief. (10) He felt that he was not able to communicate with his supervisor and that the supervisor had withdrawn educational support. (11) In mid August, 1976, claimant began considering leaving this employment. (12) On September 29, 1976 he submitted a notice of resignation effective October 4, 1976. (13) Shortly prior to submitting notice of resignation, his previous unsatisfactory performance report was reevaluated to reflect his work was more satisfactory. (14) Pursuant to his notice of resignation the claimant left this work on October 4, 1976. (15) The claimant contacted his physician requesting a statement that he should quit his job due to medical reasons which was refused * * *. (16) The doctor stated 'It was my impression that this situation is a more internal in the way that

Mr. Coffey is responding to his environment as opposed to the particular environment in which he is subjected to.' * * *

"CONCLUSION AND REASONS: We do not agree with the decision of the referee that the claimant voluntarily left work with good cause. It is our finding that good cause for leaving this work had not been established.

"The Oregon Court of Appeals held in *Brotherton v. Morgan,* 17 Or App 535, 522 P2d 1210 (1974), that good cause does not include a personality conflict with one's immediate supervisor. In *Holdaway v. Employment Division,* 26 Or App 623, 553 P2d 1066 (1976), the court in citing the language of the referee found '. . . no employee is guaranteed, nor can he usually expect, serene working conditions . . .' The applicable standards to determine 'good cause' are standards of reasonableness as applied to the average man or woman, not the supersensitive person, *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974). In the case at hand, the claimant has shown that his dissatisfaction and concern with the change in conditions caused tension to the degree that he was taking a type of tranquilizer to correct the condition. Although he has shown that he was sensitive to these changes and was concerned regarding his job, it has not been shown that the pressures were so compelling that no reasonable alternative existed but to leave this work. The fact that the claimant was extremely sensitive to the pressures and criticism is not sufficient, in this case, to establish good cause for leaving."

■ We are not dissuaded from our holding here because the referee found to the contrary. What we said in *Wright v. Employment Division,* 24 Or App 323, 327, 545 P2d 613 (1976), is equally applicable here:

"* * * The Employment Appeals Board did not agree with the referee's findings as to the occurrences which took place during the doctor's absence. Although the Board should give weight to the credibility findings of the referee, it is not bound thereby even on those issues, *Hannan v. Good Samaritan Hosp.,* supra, 4 Or App [178] at 192, [471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971)], unless but one reasonable deduction can be drawn from the evidence. *Evjen v. Employment Division,* 22 Or App 372, 539 P2d 662 (1975). Here, the

Board was not bound to follow the referee on the credibility issue because the evidence was susceptible of more than one reasonable deduction. Indeed, the Board based its decision on several factors other than credibility * * *."

Affirmed.