Argued April 20, affirmed May 8, reconsideration denied June 14, petition for review denied September 8, 1978

CONNELLY, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 77-S-2745, CA 9746)
577 P2d 1362

David W. Hittle, Salem, argued the cause for petitioner. With him on the brief was Dye & Olson, Salem.

No appearance for respondent Employment Division.

Paul M. Rosa, Mill City, filed the brief for respondent Salem Laundry Company.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The issue in this unemployment compensation case is whether the petitioner had good cause for leaving her employment within the meaning of ORS 657.176(2). The referee held that she did; the Board held that she did not, and it is the Board's order from which she appeals. The Board's review is de novo; our review is confined to a search of the record to determine whether there is any substantial evidence to support the findings and conclusions of the Board. We find that there was and therefore the Board's order is dispositive. It reads:

"FINDINGS OF FACT: (1) The claimant was employed by this employer intermittently over a ten year period, the last period of employment being from August, 1973 to July 29, 1977 at the closing rate of $127.50 per week. (2) In May, 1977 the company president took over management of the Salem operation. (3) At that time the claimant was performing various duties, one of which was accounts receivable. (4) The new manager would at times speak in a loud voice, use mild profanity such as '. . . What the hell is this?' (5) None of the profanity was directed at the claimant personally. (6) On some occasions in response to a question posed to the claimant or a statement made by her the manager stated '. . . what are you, some kind of an idiot?' (7) The claimant was also dissatisfied with her position because she had not received a raise she felt was promised to her and was not permanently assigned to a job that she preferred. (8) The claimant left her work effective July 29, 1977 because she was dissatisfied with the manner of the new manager and that she had not received a raise or was not permanently assigned to a job she desired.

"CONCLUSION AND REASONS: We do not agree with the referee's decision that the claimant voluntarily left work with good cause. It is our finding that good cause for leaving this work has not been established.

"The Oregon Court of Appeals held in *Brotherton v. Morgan* 17 Or App 435, 522 P2d 1210 (1974) that good cause does not include a personality conflict with one's immediate supervisor. In *Holdaway v. Employment Division* 26 Or App 623, [553] P2d [1066] (1976) the court

held 'As the referee in the instant case stated in his opinion, ". . . no employee is guaranteed, nor can he usually expect, serene working conditions and cheerful, cooperative good workers. . . ." ' In the case at hand the claimant has established that the new manager was rather unpleasant and at least for this claimant may have been difficult to work for. However, it has not been shown to our satisfaction that the reasons stated by her were so compelling as to leave her no reasonable alternative but to quit this work and enter the ranks of the unemployed. By her own testimony the profanity she complained of was at the very most mild and was not directed at her personally. The derogatory remarks, although they may have been abrasive, have not been substantiated as referring to the claimant as a fool or an idiot but would appear to be more of an expression used by the manager. If the claimant was able to endure this for a period of nearly three months it would appear that she could have endured long enough to secure other employment prior to leaving and becoming totally unemployed.

"DECISION: * * * The claimant is disqualified under ORS 657.176(2)(c) by reason of her separation from work."

Affirmed.

**THORNTON, J.,** dissenting.

I cannot agree with the majority that the Employment Appeals Board's findings and conclusion are supported by reliable, probative and substantial evidence.

From my reading of this record I agree with the administrator, the referee and the dissenting Board member, all of whom found that the employer shouted at the claimant repeatedly and subjected her to intolerable verbal abuse. All three concluded that claimant was fully justified in quitting work. I quote from the dissenting opinion of the chairman of the Board:

"* * * Claimant had worked for Salem Laundry Company for three different times over a ten year period and had experienced no difficulties until the employer's

owner and president took over the management. The claimant's testimony of systematic verbal abuse was corroborated by a prior employee who testified the employer harassed claimant to the point of ridiculousness and this witness assumed he did not want the claimant there and wanted her to quit. This same witness testified the employer never treated her in a like manner. The charge of verbal abuse was further corroborated by the employer's payroll clerk in a statement given to the authorized representative on August 23, 1977 * * *."[1]

The verbal abuse and harassment here seem greater than in *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974), where we held that the employe was justified in quitting work.

At the very least, this case should be remanded to the referee for a specific finding as to credibility of each witness (except the authorized representative) under *Petro v. Employment Division,* 32 Or App 17, 573 P2d 1250 (1978).

Therefore I respectfully dissent.

---

[1]Claimant's testimony as to the verbal abuse and harassment was corroborated by two former employes, one of whom testified in person and the other by written statement.