Submitted July 21, affirmed September 18, 1978

PUTMAN, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 77-P-4259, CA 10449)

584 P2d 348

Steven D. Gerttula, and Anderson, Fulton, Lavis & Van Thiel, Astoria, filed the brief for petitioner.

James A. Redden, Attorney General, and Al J.Laue, Solicitor General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Howard B. Johnson Logging Company, Employer.

Before Schwab, Chief Judge, and Thornton, Tanzer, and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Petitioner appeals from a determination of the Employment Appeals Board (Board) denying him unemployment compensation on the grounds that he "voluntarily left work without good cause," ORS 657.176(2)(c). The Board adopted the findings of fact and conclusions of law of the referee, which we set forth here:

> "(1) Claimant worked for employer for approximately six weeks and until he voluntarily quit on October 26, 1977. (2) Claimant had been notified by his foreman that he would be laid off in the near future and that he should seek other employment. (3) Claimant had arranged for work on a drag fishing boat. (4) The drag fishing boat was not ready to go out and claimant had not been given a specific date nor had he been called concerning a time to report for work on the boat. (5) Claimant had not been notified of an exact date in which he would be laid off from work as of October 26, 1977. (6) Claimant's reason for leaving his employment was that it would terminate shortly and that he wanted to have himself available to work on the other job that he had arranged."

Petitioner does not quarrel with the findings, and they are supported by substantial evidence contained in the record; in fact, they were derived almost in whole from petitioner's testimony. Petitioner does contend, however, that terminating his employment under the circumstances was for the good cause of obtaining alternative employment, and that under *Stevenson v. Morgan,* 17 Or App 428, 522 P2d 1204 (1974), and *Garrelts v. Employment Division,* 21 Or App 437, 535 P2d 115 (1975), he was acting as a reasonably prudent person when he quit.

We are not here dealing with a case where in order to obtain his new job as part of a crew of the fishing vessel it was necessary for petitioner to be available immediately. The referee and Board concluded that petitioner could have continued his employment until such time as the vessel was ready to go, and that:

"* * * It cannot be said that a reasonably prudent person would have given up the certain rewards inherent with the job for the logging company and become unemployed on the mere possibility that the fishing boat might be ready to go in the near future. There was no conflict in this instance in retaining both jobs until either the first job terminated or the second job began."

Those conclusions are supported by the findings.

The Board's legal conclusion that petitioner terminated his employment without good cause was correct.

Affirmed.