Argued and submitted April 29, affirmed September 3, 2008, petition for review allowed January 29, 2009 (345 Or 690)

## Robert A. McDOWELL,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT
and Klamath County School District,
*Respondents.*

Employment Appeals Board
07AB1130; A136061

193 P3d 989

Elizabeth A. Joffe argued the cause for petitioner. With her on the brief was McKanna Bishop Joffe & Sullivan, LLP.

Richard D. Wasserman, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for Employment Department.

No appearance for Klamath County School District.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

■     Claimant seeks judicial review of a final order of the Employment Appeals Board (the board) denying his application for unemployment compensation on the ground that he voluntarily left work to avoid the possibility of being discharged. We review the board's order to determine whether substantial evidence supports the board's findings of facts, ORS 183.482(8)(c), and whether there is a rational relationship between those findings and the board's legal conclusion, *Young v. Employment Dept.*, 170 Or App 752, 755, 13 P3d 1027 (2000). We affirm.

The following facts found by the board are supported by substantial evidence. Claimant began working for employer in the fall of 2006 as a high school language arts teacher. Less than six months into his job, claimant showed his senior class a 10-minute film clip depicting a dramatic monologue from the film "Glengarry Glen Ross." The clip, which contained some profanity, was intended as a lesson about language use and misuse. Claimant's action violated a policy of employer that required teachers to obtain the principal's permission before showing films containing profanity. As a result, claimant apparently was placed on administrative leave.

In February 2007, employer's personnel director informed claimant that, as a result of his actions, the director was going to recommend to the school board that claimant be dismissed. He told claimant that he could resign before the school board meeting. Claimant sought advice from his union representative and a union attorney, both of whom advised him to resign before he was dismissed. The union attorney also told claimant that the school board had never overruled a dismissal recommendation. Claimant resigned immediately before the March 2007 school board meeting at which his dismissal would have been recommended.

Claimant later sought unemployment benefits. The Employment Department denied his claim on the ground that he had been "discharged for misconduct." Claimant requested a hearing with an administrative law judge, who denied his claim on the alternative basis that, rather than having been discharged, claimant had voluntarily left work

without good cause. Claimant then appealed to the board, which also found that claimant had voluntarily left work without good cause.

On review, claimant advances six assignments of error, four of which challenge the board's conclusion that he voluntarily left work without cause. Claimant contends that, because he resigned when his dismissal was imminent, he cannot be said to have voluntarily left work. Claimant asserts that such a resignation in lieu of discharge is no different than a discharge. Accordingly, claimant contends that the board should not have determined that he left work voluntarily. Moreover, claimant contends that, even if he did leave work voluntarily, he did so with good cause because he would have had no meaningful opportunity to challenge a dismissal. Claimant's remaining assignments of error challenge two findings that he contends are not supported by substantial evidence.

We begin by addressing claimant's assignments of error challenging the board's conclusion that claimant voluntarily left work without cause. A claimant who has been "discharged for misconduct connected with work" or who "voluntarily left work without good cause" cannot receive unemployment benefits. ORS 657.176(2)(a), (c). OAR 471-030-0038(2) describes the difference between a voluntary leaving and a discharge:

"(2) The distinction between voluntary leaving and discharge is:

"(a) If the employee could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work;

"(b) If the employee is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

Substantial evidence supports the board's finding that claimant voluntarily left work. Claimant, not employer, ended the employment relationship. At the time of claimant's resignation, employer had not yet decided whether claimant could continue to work for some additional period. Indeed,

claimant resigned his position shortly before the school board meeting at which employer's personnel director intended to recommend claimant's discharge. Moreover, it is not certain, even if that recommendation had been made, that the school board would have acted on the recommendation. Nothing in the record indicates that, at the time claimant resigned, employer had taken any actions that prevented claimant from working for an additional period of time.

We next consider whether claimant left work without "good cause." Good cause is a delegative term that the Employment Department has authority to interpret and refine by rule. *See Springfield Education Assn. v. School Dist.*, 290 Or 217, 228-30, 621 P2d 547 (1980). As defined by the applicable administrative rule, good cause for voluntarily leaving work is

> "such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. * * * [T]he reason must be of such gravity that the individual has no reasonable alternative but to leave work."

OAR 471-030-0038(4). A claimant has the burden of establishing good cause by a preponderance of the evidence. *Brotherton v. Morgan*, 17 Or App 435, 438, 522 P2d 1210 (1974).

Here, the board concluded that claimant failed to establish good cause—that is, it concluded that claimant had the reasonable alternative to continue his employment while working to convince the school board to overrule employer's personnel director's recommendation that he be dismissed. The board's conclusion is supported by facts in the record. Claimant, who left his job in the first year of his employment, was a probationary teacher subject to dismissal for "any cause considered in good faith sufficient" by employer under ORS 342.835.[1] Although claimant contended to the board— as he does before this court—that, under ORS 342.835, employer could dismiss him for virtually any reason, that statute also guarantees claimant a hearing at which he could

---

[1] A "probationary teacher" is defined in ORS 342.815(6) as "any teacher employed by a fair dismissal district who is not a contract teacher." The parties agree that claimant was a probationary teacher; a "contract teacher," depending on the district, must have been employed for at least one year. ORS 342.815(3).

have argued against the personnel director's recommendation:

> "(1) The district board of any fair dismissal district may discharge or remove any probationary teacher in the employ of the district at any time during a probationary period for any cause considered in good faith sufficient by the board. The probationary teacher shall be given a written copy of the reasons for the dismissal, and upon request shall be provided a hearing thereon by the board, at which time the probationary teacher shall have the opportunity to be heard either in person or by a representative of the teacher's choice."

Other evidence in the record demonstrates that, in later conversations with the school principal, claimant learned that other teachers had shown films with profane language without first obtaining permission from the principal and had suffered no adverse employment consequences. Although the record might have allowed the board to reach a different conclusion, the evidence is sufficient to support the board's conclusion that claimant had a reasonable alternative to voluntarily leaving work.

■    We turn briefly to claimant's two remaining assignments of error. He contends that two of the board's findings are not supported by substantial evidence: (1) that employer's film policy was contained in its employee handbook, and (2) that the school principal, in addition to employer's personnel director, recommended claimant's dismissal. Claimant is correct. The only evidence in the record—claimant's testimony—demonstrates that the employee handbook does not contain the film policy. Likewise, the only evidence in the record—again, claimant's testimony—establishes that employer's personnel director, not the principal, recommended claimant's dismissal. No evidence was offered to contradict claimant's testimony on those points. Although we are authorized to remand an order if we find "that the order is not supported by substantial evidence in the record," ORS 183.482(8)(c), the factual errors identified by claimant do not affect the critical determination that claimant voluntarily left work without good cause. Accordingly, remand is not appropriate.

        Affirmed.