Argued and submitted May 12, affirmed September 21, 2011

Douglas J. HOOD,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and ACS Commercial Solutions, Inc.,
*Respondents.*

Employment Appeals Board
10AB1055, 10AB3010; A145782

263 P3d 1126

Larry L. Linder argued the cause and filed the brief for petitioner.

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent ACS Commercial Solutions, Inc.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Claimant seeks judicial review of an Employment Appeals Board (EAB) order disqualifying him from the receipt of unemployment insurance benefits. He contends that, contrary to the EAB's conclusion, he was not fired for misconduct; rather, he argues, he was fired for refusing to obey an unreasonable employer policy—in particular, a policy that required him to perform work-related tasks without compensation—or, in the alternative, for conduct that was merely a good faith error. We affirm.

The relevant legal standards are not in dispute. An employee is disqualified from receiving unemployment compensation benefits if he or she "[h]as been discharged for misconduct connected with work[.]" ORS 657.176(2)(a). "Misconduct" is "a willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee * * *. An act or series of actions that amount to a willful or wantonly negligent disregard of an employer's interest is misconduct." OAR 471-030-0038(3)(a). There are, however, two exceptions to this rule that are relevant to this case: "[G]ood faith errors * * * are not misconduct[,]" OAR 471-030-0038(3)(b), nor is "[a] conscious decision not to comply with an unreasonable employer policy[,]" OAR 471-030-0038(1)(d)(C).

The EAB found the following facts, which, because claimant does not dispute them on judicial review, we adopt. *Meltebeke v. Bureau of Labor and Industries*, 322 Or 132, 134, 903 P2d 351 (1995).

"(1) ACS Commercial Solutions employed claimant as a telephone customer service representative from May 30, 2008 to November 24, 2009.

"(2) The employer had a policy requiring its telephone service representatives to log into the employer's telephone system and begin taking calls no more than five minutes after logging into the employer's payroll timekeeping system. Claimant was aware of the employer's policy.

"(3) Prior to July 2009, claimant's supervisors allowed him to log into the telephone system up to fifteen minutes after logging into the timekeeping system to allow claimant time to perform other tasks before he began taking calls. In

July 2009, claimant's new supervisor informed him he now was expected to comply with the employer's policy and log into the telephone system within five minutes after logging into the timekeeping system. The supervisor instructed claimant to perform the other tasks in between calls. Claimant understood the employer's expectations.

"(4)   Claimant did not make a serious attempt to comply with the employer's expectations because he did not believe that he had time to complete his other tasks in between calls. Claimant continued to perform the tasks after logging into the timekeeping system, and often took more than five minutes to log into the telephone system. Claimant also sometimes logged into the telephone system as unavailable to allow himself more than five minutes to complete the other tasks before taking calls. Claimant understood that his conduct violated the employer's expectations.

"(5)   The employer warned claimant several times that he was expected to comply with the employer's policy, and that he was prohibited from logging into the telephone system as unavailable in order to allow himself more than five minutes to complete other tasks. Claimant did not change his behavior, even after the employer gave him a final written warning on November 17, 2009.

"(6)   On November 21, 2009, claimant again did not log into the telephone system within five minutes of logging into the timekeeping system, to allow himself more time to complete other tasks. Claimant's supervisor ordered claimant to log into the telephone system immediately and begin taking calls. Claimant logged into the telephone system, but did so as unavailable to allow himself more time to complete other tasks before taking calls.

"(7)   On November 23, 2009, claimant notified the employer in writing that he would not comply with the employer's policy of requiring him to log into the telephone system and begin taking calls within five minutes of logging into the timekeeping system. The employer discharged claimant for refusing to comply with the policy."

Claimant applied for unemployment compensation benefits, and the Employment Department allowed them. Employer

appealed and, after a contested case hearing, an administrative law judge (ALJ) set aside the department's decision, concluding that claimant was, in fact, fired for misconduct. Claimant appealed to the EAB, which affirmed the ALJ on the ground that "employer discharged claimant for refusing to comply with its policy requiring telephone service representatives to log into the telephone system and begin taking calls no more than five minutes after logging into the timekeeping system." The EAB did not rule on whether employer's policy was unreasonable; instead, it ruled that, "even assuming *arguendo* that the employer's policy was unreasonable the employer nevertheless had a right to expect claimant to attempt to comply with the policy to the best of his ability." The EAB also rejected claimant's arguments that his refusal was a "good faith error."[1]

Claimant then filed a petition for judicial review and, in due course, an opening brief focusing on the argument that an employee has no obligation to attempt to comply with an unreasonable employer policy; the exception from the definition of misconduct for such refusal, claimant argued, is absolute. The same day that the opening brief was filed, the EAB withdrew its original order pursuant to ORS 183.482(6) and ORAP 4.35. It subsequently issued a modified order on reconsideration, reaching the same result—denial of benefits—but concluding that the policy that claimant chose to disobey was *not* unreasonable. Claimant elected not to file an amended petition for review; instead, he elected to proceed with judicial review, relying on his original brief. ORAP 4.35(4)(a)(i). The Employment Department and employer both elected not to file answering briefs.

Claimant's first argument rests on the assertion that his discharge resulted from his conscious decision not to comply with an unreasonable employer policy, in particular, with employer's demand that he work without pay. That assertion, in turn, rests on the assertion that employer required him to complete tasks that could not be done during the

---

[1] Claimant also argued that he was discharged for an isolated instance of misconduct. The EAB rejected that argument and we do as well; it is undisputed that claimant repeatedly failed to begin taking calls within five minutes of logging in.

working day and therefore had to be completed "off the clock." However, in its order on reconsideration, the EAB stated:

> "At hearing, claimant testified that he did not have time to complete his other tasks before logging in to the employer's telephone system or in between calls, and that he therefore would have had to complete them 'off the clock' during lunch or other breaks. However, the employer's policy did not require customer service representatives to complete their other tasks before logging in to the telephone system, or during lunch or other breaks. Claimant admitted that he did not make a serious attempt to comply with the employer's policy, and the record fails to show that he or any of the employer's other customer service representatives were unable to complete their tasks in between calls. Absent evidence to support claimant's assertion that the employer's policy required customer service representatives to work off the clock, we find that the policy was reasonable[.]"

As noted, claimant did not submit an amended notice of appeal or amended brief in order to respond to the EAB's order on reconsideration. Further, the facts in that order are supported by substantial evidence. That being the case, we agree with the EAB that employer presented substantial evidence that the policy did not require working off the clock, in that other employees managed to meet their obligations during their paid shifts.[2] We therefore reject claimant's argument based on the supposed unreasonableness of employer's policy.

Claimant fares no better with respect to his argument that his refusal to comply with the policy was a good faith error. He bases that argument on language from *Goin v.*

---

[2] In general, the employer has the burden of proving misconduct, *Babcock v. Employment Div.*, 25 Or App 661, 664, 550 P2d 1233 (1976), while the claimant has the burden of proving that he or she had "good cause" to leave work, *Brotherton v. Morgan*, 17 Or App 435, 438-39, 522 P2d 1210 (1974). Proving the unreasonableness of an employer's policy with which an employee did not comply appears analogous to proving good cause for leaving work. However, we have never been confronted with the need to determine who has the burden of establishing the reasonableness of such a policy. This case does not present that need; if the burden was claimant's, he failed to meet it because he put on no evidence of unreasonableness, and if the burden was on employer, it did meet it by presenting testimony that other employees managed to complete their tasks during work time for which they were paid.

*Employment Dept.*, 203 Or App 758, 765-66, 126 P3d 734 (2006):

> "A 'good faith error' logically involves some sort of mistake made with the honest belief that one is acting rightly. *See Webster's Third New Int'l Dictionary* 978 (unabridged ed 2002) (defining 'good faith' as 'a state of mind indicating honesty and lawfulness of purpose : belief in one's legal title or right : belief that one's conduct is not unconscionable or that known circumstances do not require further investigation : absence of fraud, deceit, collusion, or gross negligence'). Here, EAB found that claimant, with some reason, made an incorrect assumption. It did not find that she acted with a lack of honesty or belief in the rightness of her actions * * *. It follows that EAB's conclusion that claimant's conduct was not a good faith error lacks substantial reason."

Claimant appears to argue that, because he honestly believed that he was acting with the sincerely held belief that employer's policy was unjust or unreasonable, he made a "good faith error" and could not be discharged on that basis. Claimant misreads the phrase "belief in the rightness of her actions." We did not hold in *Goin* that the EAB erred because the claimant sincerely believed that the employer's policy was unjust, immoral, or ill conceived; the board erred because it did not account for the fact that the claimant, "mistakenly believing that [her] employer would obtain information directly from her doctor, * * * failed to provide [her] employer with documentation of her need for additional medical leave." *Id.* at 760. The "error" in OAR 471-030-0038(3)(b) refers to a mistake of fact or action deriving from a mistake in fact. Claimant cites no case, and we have found none, that could support the conclusion that OAR 471-030-0038(3)(b) creates an exception for conscientious objectors to employer policies, that is, an exception for an employee who knowingly refuses to comply with an employer's policy because the employee holds an honest belief that an employer's policy is misguided, illegal, stupid, or unreasonable.

It is possible that claimant's argument regarding good faith error is that he sincerely believed that employer's policy required him to work off the clock. That argument cannot be sustained in light of claimant's candid testimony (and

the EAB's uncontested finding) that he "did not make a serious attempt to comply" with the policy. Thus, he may have had the belief that compliance was impossible, but we cannot call that a belief that he held in good faith; good faith would have required some effort to determine if, in fact, compliance was impossible.

The EAB did not err in denying claimant unemployment compensation benefits.

Affirmed.