Argued and submitted April 4, reversed and remanded for reconsideration
July 25, 1990

J.R. SIMPLOT CO.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Arlen R. Bischke,
*Respondents.*

(89-AB-1168; CA A62424)

795 P2d 579

Kenneth L. Kleinsmith, Portland, argued the cause for petitioner. With him on the brief was Meyers & Radler, Portland.

Dave Frohnmayer, Attorney General, and Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Bischke.

Before Graber, Presiding Judge pro tempore, and Joseph, Chief Judge, and Edmonds, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

In this unemployment compensation case, employer seeks review of an Employment Appeals Board order affirming the referee's decision and awarding claimant benefits on the ground that he had been discharged.[1]

EAB made these findings of fact:

"(1) The claimant was employed by the above employer from January 21, 1977, to June 9, 1989. Claimant last held the position of senior warehouse supervisor with responsibility over the freezer department and the dry warehouse. (2) During the last year of his employment, the claimant became increasingly disillusioned with the employer and its practices, as well as with his supervisor. (3) The claimant perceived the employer to take advantage of the excess supply of workers, to disregard worker safety and morale and to insufficiently promote employees from within the employer. (4) The claimant was also upset that the employer had misrepresented the length of time employees whose jobs were to be eliminated would be allowed to work at their existing salary level. (5) The claimant did not respect his supervisor and felt that his supervisor did not understand the responsibilities of his position, was not truthful and tended to put on a 'show' for upper management. (6) During this time, the claimant was also going through personal difficulties arising out of a divorce. (7) As a result of his disillusionment with the employer and his personal difficulties, the claimant submitted a notice of resignation to the employer on June 6, 1989. That notice of resignation was to be effective June 23, 1989. (8) On June 7, 1989, the claimant's supervisor advised the claimant he would not be allowed to work after June 9, 1989, but would be paid through June 23, 1989. (9) The claimant was willing to work through his notice period and would have performed his job assignments in the same manner as he had done during the last month he worked for the employer. (10) The employer was concerned that the claimant would not be productive and would not be a positive influence during his notice period."

EAB concluded that claimant was eligible for benefits because, under the terms of ORS 657.176(2)[2] and OAR

---

[1] Neither the Employment Division nor claimant has appeared in this review.

[2] ORS 657.176(2) provides, in part, that a claimant is disqualified from benefits if he:

"(a)  Has been discharged for misconduct connected with work, or

"* * * * *

"(c)  Voluntarily left work without good cause."

471-30-038(2),[3] he was discharged. EAB also concluded that employer did not discharge claimant for misconduct, but discharged him due to concerns that he would not be productive and would not be a positive influence during the notice period.

Employer claims that the Board erroneously applied OAR 471-30-038(2). It argues that whether a claimant is entitled to benefits despite ORS 657.176(2) depends on who took the action to sever the employment relationship and on why that action was taken. Employer also argues that OAR 471-30-038(2) is not intended to be a definition of the statutory terms "discharged" and "voluntarily left work" but, rather, is meant to distinguish between the two terms when the evidence leaves doubt as to who severed the employment relationship. Under that interpretation of the statute and the rule, employer argues that EAB should have applied only the statute, not the rule, because the evidence was clear that claimant severed the employment relationship. It claims that the consequence of EAB's analysis is that EAB made findings not based on substantial evidence and ignored the statutory basis for granting benefits.

Employer also assigns as error EAB's conclusion that claimant was discharged, but not for misconduct, as not supported by substantial evidence. We need not decide whether employer's characterization of the rule's function is correct, because both of its assignments of error require us to determine whether substantial evidence supports EAB's finding that employer terminated claimant's employment. ORS 183.482(8)(c).

EAB found that, because claimant was willing to work to the end of his notice period, under OAR 471-30-038(2)(b) his separation of employment was a discharge. Relying on *Silver Eagle Mfg. Co. v. Emp. Div.,* 95 Or App 635, 770

---

[3] OAR 471-30-038(2) provides:

"The distinction between voluntary leaving and discharge is:

"(a) If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work;

"(b) If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge;

"* * * * *"

P2d 607 (1989), EAB also concluded that, even though claimant was paid to the end of the notice period, he was not allowed to "provide services for the employer after June 9, 1989," and was, therefore, discharged.

EAB's reliance on *Silver Eagle* is misplaced. There, EAB found that the claimant was discharged, because the employer ended the claimant's employment on the day that he said that he was going to quit and told him that he could not work for the two-week notice period, even though he was willing to work. On review, the employer argued that EAB's finding was not supported by substantial evidence, because it did not consider the fact that the claimant continued to be paid as contradicting evidence of the employer's termination of the claimant's employment. We held that substantial evidence supported EAB's finding and that the fact that the claimant was to receive paychecks for several weeks after the date that his services were terminated did not defeat EAB's basing its conclusion on the evidence that the employer told the claimant that he could not work any longer. *Silver Eagle Mfg. Co. v. Emp. Div., supra,* 95 Or App at 638. We also held that OAR 471-30-038 does not refer to payment for services as a factor to be considered in distinguishing between the terms "discharge" or "voluntary leaving." 95 Or App at 639.

Unlike in *Silver Eagle,* this case concerns whether there was substantial evidence to support EAB's finding that claimant's supervisor *would not allow him to work beyond June 9, 1989,* irrespective of the fact that claimant was paid until the original effective resignation date. Claimant tendered a letter of resignation to employer's Human Resources manager on June 6, 1989. The letter gave several reasons for his resigning and made the resignation effective on June 23. The letter was accepted by employer on June 6. Nothing in the record suggests that employer had any reason to discharge claimant before he submitted his letter of resignation. The resignation was totally the idea of claimant, who had been thinking about resigning for over a year.

Claimant admitted several times in his testimony that he quit his employment. He met with his immediate supervisor on June 7. He testified that, during that conversation, he asked his supervisor how long he wanted claimant to work. The supervisor told him June 9. Claimant testified that

he did not object to the June 9 termination date, nor did he insist on working until June 23. Claimant acknowledged that he agreed to the June 9 termination date. There is no discharge if an employer and a claimant mutually agree on a termination date, *Schmelzer v. Employment Div.,* 57 Or App 759, 763, 646 P2d 650, *rev den* 293 Or 521 (1982), or if the claimant agrees to accelerate the termination date. *Smith v. Employment Division,* 34 Or App 623, 627, 579 P2d 310 (1978).

The fact that claimant agreed to the termination date wholly undermines the evidence on which EAB relied to find that employer terminated his employment. There is not substantial evidence to support EAB's finding that employer would not allow claimant to work beyond June 9.

Reversed and remanded for reconsideration.