Submitted on record and briefs January 23, reversed and remanded June 10, 1998

EMPLOYMENT DEPARTMENT,
*Petitioner,*

*v.*

Stephen SHURIN
and Stephen Shurin, PC,
*Respondents.*

(96-AB-2589, 97-AB-126; CA A96298)

959 P2d 637

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Mary H. Williams, Assistant Attorney General, filed the brief for petitioner.

Stephen Shurin filed the brief *pro se*.

Before De Muniz, Presiding Judge, Deits, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

Petitioner Employment Department seeks review of an order of the Employment Appeals Board (EAB) determining that the claimant attorney was entitled to unemployment compensation benefits following the dissolution of the professional corporation of which he was the sole shareholder. EAB's holding depended on its premise that claimant had not "voluntarily" left work but had, instead, been involuntarily "discharged." ORS 657.176(2)(c). We conclude that EAB erred in that regard. Accordingly, we reverse and remand for EAB to determine whether claimant had "good cause" for voluntarily leaving his work.

EAB awarded claimant benefits for the period from September 22, 1996, through October 12, 1996. That award was based on the following findings of fact, which the Employment Department does not dispute:

"(1) Claimant worked as an attorney for Stephen Shurin P.C., from March of 1990, until July 15, 1996. (2) Claimant and another individual served as corporate directors for the corporation. (3) In July of 1996, both directors voted to dissolve the corporation due to a downturn in corporate profits. (4) When the corporation dissolved on July 15, 1996, claimant had no further employment with that business."

It is uncontroverted on this record that the professional corporation's assets were sold for approximately $50,000.

From those facts, the EAB concluded:

"[W]e find no legal basis in Employment Department Law for ignoring the existence of the corporate entity in this matter. Stephen Shurin P.C. was an employing unit (ORS 657.020), and claimant was an employee (ORS 657.015). Claimant's employment came to an end because the employing unit ceased to exist. The most reasonable inference to draw in this matter is that, upon dissolution, the employer was no longer willing to allow claimant to continue working as an employee of the corporation. Accordingly, we conclude that the employer discharged claimant.

"* * * * *

"The employer discharged claimant as a matter of business convenience because the corporation dissolved and had no

further employment available for claimant. The record does not establish that claimant wilfully or wantonly violated any reasonable employer standard. We conclude, therefore, that the employer discharged claimant, but not for misconduct. Claimant is qualified to receive unemployment insurance benefits."

Given its conclusion that claimant had not "voluntarily left work," EAB did not consider whether, even if it were assumed that claimant had voluntarily quit, he had "good cause" for doing so.

On review, the Employment Department contends that EAB erred in concluding that (1) claimant had been "discharged"; and (2) claimant had not "voluntarily left work." Claimant disputes those propositions and asserts, particularly, that the Employment Department's analysis ignores and subverts corporate formalities.

ORS 657.176(2)(a), (c) provides:

"(2) An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the director finds that the individual:

"(a) Has been discharged for misconduct connected with work, or

"* * * * *

"(c) Voluntarily left work without good cause[.]"

OAR 471-30-038(2) further defines the terms used in ORS 657.176(2):

"(2) The distinction between voluntarily leaving and discharge is:

"(a) If the employee could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work;

"(b) If the employee is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

Both as a matter of syntax and of common sense, the statutory scheme and its implementing regulations treat

"voluntarily leaving" work and "discharge" as mutually exclusive concepts. We have consistently held that, where the employer and the employee have *"agreed upon a mutually* acceptable date on which employment would terminate," the termination should be treated as a "voluntary leaving" and not as a "discharge." *Smith v. Employment Division,* 34 Or App 623, 627, 579 P2d 310 (1978). *See also J.R. Simplot Co. v. Employment Div.,* 102 Or App 523, 528, 795 P2d 579 (1990); *Schmelzer v. Employment Div.,* 57 Or App 759, 646 P2d 650, *rev den* 293 Or 521 (1982).

That principle controls here. We agree with the Employment Department that claimant and his professional corporation "agreed to a mutually acceptable date of termination." That is, claimant effectively "fired himself":

"EAB's analysis fails to acknowledge or account for the fact that there was no work for claimant after July 15, 1996, because that is what *he* agreed to when he dissolved the corporation/employer. That is, his separation did *not* result from any act of the corporation/employer that took place after the dissolution.

"What the EAB characterized as a 'discharge' is a separation from work caused by claimant's own voluntary act. If claimant, as one of the directors and the sole shareholder of the corporation, rejected any offers for the purchase of the assets of the corporation and decided to retain the corporate structure, he could have kept his employment position. The decision to terminate his employment rested with claimant." (Original emphasis.)

Claimant asserts that that reasoning "fl[ies] in the face of the statutory scheme creating the corporate form and erod[es] the walls established and required by law to maintain the corporate structure and insulate it from outside influences." We disagree. We are, of course, mindful of corporate formalities, but nothing in the statutes governing corporations generally, or professional corporations specifically, compels us to ignore the role claimant played in effecting his own termination. We decline to so elevate form over substance. Thus, we conclude that EAB erred in concluding that claimant was involuntarily discharged and did not voluntarily leave his employment as an attorney with his own professional corporation.

That does not, however, end the matter. ORS 657.176(2)(c) bars entitlement to benefits only if claimant "voluntarily left work *without good cause.*" (Emphasis added.) As noted, EAB did not reach the "good cause" issue. Although claimant, at least implicitly, invites us to resolve that issue in the first instance, it is for EAB to do so.

Reversed and remanded.